ALICE M. KELLY, Respondent, v. UNITED DRESSED BEEF COMPANY OF NEW YORK, Appellant, Impleaded with LOUIS FLAUMENBAUM, Defendant.

First Department, February 11, 1937.

*George J. Stacy* of counsel [*James J. Mahoney* and *Frederick L. Thielmann* with him on the brief; *James J. Mahoney*, attorney], for the appellant.

*Frank L. Tyson* of counsel [*Middlebrook & Sincerbeaux,* attorneys], for the respondent.

GLENNON, J. This is an appeal in a personal injury action in which the plaintiff was awarded a judgment for $14,502.83 against

the defendant United Dressed Beef Company of New York, after a trial before a court and jury.

The accident happened on January 30, 1930, about three P. M. The plaintiff, a young lady, twenty-eight years of age, was a passenger in a taxicab owned by the codefendant Louis Flaumenbaum. The taxicab was proceeding in a southerly direction on First avenue between Twenty-ninth and Twenty-eighth streets. Between Twenty-ninth and Twenty-eighth streets there is a grade sloping to the south. The surface of the avenue was partly covered with snow and ice, and as a result it was slippery. The appellant's truck was north-bound. A collision occurred between the taxicab and the truck a short distance north of the north crosswalk of Twenty-eighth street.

We do not believe it is necessary to recite at length the different versions of facts given by the witnesses called by plaintiff and the defendant, appellant. It is sufficient to say that it was the contention of the plaintiff that at the time of the collision the truck was on the wrong side of the street, proceeding at a rate of speed of about fifteen to twenty miles an hour; that the driver of the taxicab, being unable to turn to his right because of another vehicle running alongside of him, put on his brakes to avoid the accident, thereby causing his taxicab to skid; that the truck did not stop and a collision resulted.

The appellant's chauffeur told a different story. He asserted that he had a heavy load on his truck and was going to appellant's place of business a few blocks to the north. He said that at Twenty-eighth street he shifted into low gear in order to make the grade; that he had been proceeding at a speed of about eight miles per hour in a northerly direction but, at the time he shifted his gears he was traveling only about four or four and one-half miles per hour. He also contended that he was near the easterly curb of the avenue; he saw the taxicab attempt to pass a south-bound vehicle and in so doing it crossed over the white line to the easterly side of the avenue; he immediately applied his brakes and brought his truck to a stop. He claimed, further, that the truck was not in motion at the time of the impact, and that it was about three feet from the easterly curb.

Without giving further details it can be said that a clean cut question of fact was presented for the determination of the jury. We do not believe, however, that this judgment should be permitted to stand since reversible error was committed in the plaintiff's case in permitting a police officer, who was called as a witness for the plaintiff, to testify as to admissions alleged to have been made by the appellant's chauffeur.

It is unnecessary to set forth in full the objections which were interposed by counsel for the defendant. However, there can be no question that the point was made clear by the attorney for the defendant, appellant, on at least three different occasions before the witness was permitted to testify that "I asked him how the accident occurred, and he said he was driving north and the traffic conditions were very heavy, and he had to pull to his left, and that when he tried to stop, the pavement was very slippery and he was unable to do so." This alleged admission was made not at the scene of the accident, but in a hospital to which the plaintiff had been removed. The matter was further accentuated when the court asked at the conclusion of the direct examination: " The Court: Just a moment. What do you say that Huber [appellant's chauffeur] said to you when you questioned him about the accident? " The police officer, whose name was Bar, substantially repeated in reply thereto what he had said before. In addition thereto, the court in charging the jury said: " As I recall it, Bar further testified in substance that upon arriving at the scene of the accident, he questioned the drivers of the two vehicles; he testified in substance that Huber had told him that the traffic was heavy and that he had to pull to his left and that when he tried to stop his truck he could not because the pavement was slippery." This testimony, as counsel pointed out, " certainly would not be binding on the defendant." (*Golden* v. *Horn & Hardart Co., Inc.,* 244 App. Div. 92; affd., 270 N. Y. 544; *Luby* v. *Hudson River R. R. Co.,* 17 id. 131.)

It is idle to argue, on the part of the plaintiff, that the so-called admission in this case was part of the *res gestæ;* that the error, if any, was harmless. The difficulty is, that it was in no way connected with the *res gestæ* but was hearsay pure and simple. Furthermore, it undoubtedly persuaded the jury in their determination of the questions of fact, that the truth was with plaintiff's side of the case.

The judgment so far as appealed from should be reversed and a new trial ordered as to defendant-appellant, with costs to the appellant to abide the event.

MARTIN, P. J., McAVOY and UNTERMYER, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). I dissent and vote to affirm on the ground that the alleged error in the circumstances here disclosed is not so prejudicial as to require a new trial.

Judgment so far as appealed from reversed and a new trial ordered as to the defendant-appellant, with costs to the said appellant to abide the event.