## (July 8, 1968)

■ GLORIA VAN CAMPEN et al., Respondents, v. SALLY S. CRAM et al., Appellants.—On the court's own motion: 1. This court's decision slip dated May 6, 1968 [30 A D 2d 541] is amended to read as follows: " In a negligence action to recover damages for personal injuries and medical expenses, defendants appeal from a judgment of the Supreme Court, Dutchess County, entered April 5, 1967, in favor of plaintiffs upon a jury verdict. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event.

Plaintiffs are husband and wife. The wife claimed to have been injured while operating her automobile on Route 308 at Rhinecliff, New York, as a result of her windshield shattering when struck by some object propelled through the air. The husband sues for medical expenses incurred. Plaintiffs claim that defendants, Cram the owner and Graff the driver, were negligent in operating an automobile with defective tire chains, with notice of such defect, and in operating the automobile with such tire chains on a dry concrete or bituminous surface. Neither the plaintiff wife nor her son, a passenger in her automobile, was able to say what it was that hit the windshield. The plaintiff wife relied completely on an alleged admission by defendant Graff that the tire chains on his car were very worn and that one of them had broken and hit her car. Defendant Graff testified that, although he stopped near the plaintiff wife's car and talked to her, he did not say that the chains were worn or that he had wanted them removed and did not know or say what hit the plaintiff wife's car. He testified that he needed chains to get out of his employer's property and that Route 308 was half covered with ice and snow and half clear. This testimony was uncontradicted. The court, without reviewing the evidence, submitted these questions to the jury: ' (1.) Was he negligent in driving a car with chains on a dry surface road? — (2.) Were the chains on the car he was driving so worn as to be a driving hazard and did he know of their condition? — (3.) Did he act as a reasonably prudent person would have acted under all the circumstances?' We are of the opinion that the failure of the court in this unusual case to analyze the evidence and the law applicable to the factual conclusions they might draw from the evidence was error. In this case plaintiffs depended for proof of negligence on the alleged admission of the defendant driver. Such admission, competent evidence against the driver, cannot be said to have been made in the course of the owner's business or within the scope of the driver's employment. It was incompetent evidence against the owner but was not so limited by the court (see 21 N. Y. Jur., Evidence, § 305)." 2. The order of this court dated May 6, 1968 is amended accordingly. The appeal was heard upon an appendix which did not include the portions of the trial minutes which show the evidence as to the condition of the road. This amendment is necessitated in order to correct the incidental recitals in the decision slip of May 6, 1968 with reference to the matter of road condition. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.