■ JOHN C. RUDES, Appellant, v. HARTFORD ACCIDENT & INDEMNITY CO. et al., Respondents.— REYNOLDS, J. P. Appeal from a judgment of the Supreme Court, Clinton County, entered upon a decision of the court at Trial Term, without a jury. The sole issue here is whether appellant is an insured under a policy of garage liability insurance issued by respondent, Hartford Accident & Indemnity Co., to Tremblay Chevrolet Sales, Inc. On December 17, 1963 one Donald Cook negotiated the purchase of a 1964 Chevrolet from Tremblay Chevrolet and bill of sale and bank financing arrangements were completed. Cook requested that he temporarily be permitted to drive the purchased vehicle with Tremblay's Chevrolet dealer plates as his insurance had been canceled and his agent had not as yet procured new coverage. On January 5, 1964, some 19 days later, the car, still bearing the dealer's plates, left the road and struck a tree while being operated by appellant. As a result of the accident Robert Gravelle, a passenger in the car, has brought suit for injuries against, among others, appellant who seeks here to compel respondent, Hartford, to defend and indemnify him. Respondents' position, which the trial court accepted, is that since title and possession of the car passed to Cook on December 17, 1963, Cook, and therefore appellant, was not an insured under the policy since the policy specifically provides that " an insured " would not include " any person or organization other than the named insured with respect to any automobile * * * possession of which has been transferred to another by the named insured pursuant to an agreement of sale." We concur in the trial court's determination. Clearly Tremblay Chevrolet permitted the use of its dealer plates in violation of section 416 of the Vehicle and Traffic Law and is thus estopped to deny ownership at the time of the accident (*Switzer* v. *Aldrich*, 307 N. Y. 56; *Reese* v. *Reamore*, 292 N. Y. 292). However, it does not follow that respondent, Hartford, also is estopped from proving that ownership was transferred prior to the accident and thus that coverage was excluded under the contract. *Switzer* v. *Merchants Mut. Cas. Co.* (2 N Y 2d 575) relied on by appellant, does not portend a different result here where the language in the policy expressly and unquestionably excludes coverage. In *Switzer* the Court of Appeals held only that the broad language of the policy did not require that the automobile be owned by the dealer to be covered (see *Switzer* v. *Merchants Mut. Cas. Co.*, *supra*, p. 579) and not that public policy precluded an insurer from denying ownership. Judgment affirmed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Reynolds, J. P.