■ WILLIAM H. SNELL, JR., as Administrator of the Estate of ERIC SNELL, Deceased, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— STALEY, JR., J. Appeal from an order of the Supreme Court at Trial Term, entered January 20, 1969 in Fulton County, which granted a motion to dismiss the complaint upon the ground that the plaintiff failed to raise any triable issues of fact. This wrongful death action arose out of an automobile accident in which an automobile struck and killed Eric Snell, a four-year-old boy. The accident occurred on June 1, 1966 at about 3:40 P.M. on North Street, which runs in an east-west direction in the City of Gloversville, and is just wide enough for two vehicles to pass each other when other vehicles are parked on one side of the street. The curb on the southerly side of the street is separated from the sidewalk by a grass area about two feet wide. On June 1, 1966, shortly before the accident, the decedent's mother left him standing on the sidewalk on the southerly side

of North Street in front of their house, and after telling him to remain there, went inside to get her other two pre-school age children. Shortly before the accident, Ursula Brownell was driving along Main Street, which is about 200 feet east of the accident scene, and turned into North Street to proceed in a westerly direction along North Street. As she proceeded, she noticed a white automobile traveling in an easterly direction close to the southerly curb and observed an object going into the air and landing on the sidewalk. After the white car had gone by, she noticed that a little boy was lying on the sidewalk, and that one of his boots had come off and was lying in the gutter of the street. She had not observed the child prior to the accident, and stated that there were no other vehicles between her car and the white car that struck the child. Alice Beaulieu, a passenger in the Brownell car, saw what she described as a two-toned vehicle approaching the Brownell car from a point west of Union Street which was about opposite the Snell residence, and saw the child on the ground after the car had passed. She observed that the car was driven by a woman, that it proceeded slowly past them, stopped at the intersection of Main Street and North Street, and then proceeded up Main Street. Both women testified that they did not hear a horn blown at the time of the accident. The driver of the other car was never identified and the car was never located. Four other passengers in the Brownell car did not testify, and there was apparently no other witness to the accident. A police officer called to the scene testified that when he arrived the child lay in the road near the curb, and that there were blood spots on the road. The child was brought by ambulance to the hospital and was pronounced dead on arrival. The cause of death was stated to be a fractured skull, and medical testimony indicated that a blow on the head from a moving automobile would be a competent producing cause of such an injury. At the close of plaintiff's case, which consisted on the issue of negligence primarily of the above facts, defendant moved for a nonsuit on the ground that the cause of action alleged in the complaint was not proven. The court reserved decision and the defendant rested without offering any evidence. The court then granted defendant's motion and dismissed the complaint. Plaintiff contends that a sufficient prima facie case was made out, and that he was entitled to a submission of the case to the jury. Respondent contends that there is no evidence in the record from which an inference of negligence could be drawn, and that if the case had been submitted to the jury, any finding of negligence would be the result of mere speculation. The occurrence of this accident being only partially witnessed, and the operator of the automobile involved being unknown, the proof, of necessity, must rely in part upon circumstantial evidence. The law recognizes in such cases that the plaintiff is relegated in establishing fault to a showing of various circumstances from which a jury can draw fair and reasonable conclusions. This being a death case, plaintiff is also not held to as high a degree of proof of the cause of action as in a case where an injured plaintiff can himself describe the events. If plaintiff's evidence shows facts and conditions from which it may reasonably be inferred that the accident was caused by the negligence of the unknown driver, he must be deemed to have made out a *prima facie* case which should have been submitted to the jury. (*Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313.) "Thus we must determine whether plaintiff's evidence presented facts and circumstances from which respondent's negligence, and the cause of the accident by that negligence, may be reasonably inferred (*Betzag* v. *Gulf Oil Corp.*, 298 N. Y. 358, 365), but plaintiffs were not required to offer evidence which positively excluded every other possible cause of the accident (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166)." (*Swensson* v. *New York, Albany Desp. Co.*, 309 N. Y. 497, 502.) "We must, of course, consider the

evidence in the light most favorable to plaintiffs, and afford to them the benefit of every favorable inference which can reasonably be drawn therefrom." (*Stein* v. *Palisi*, 308 N. Y. 293, 294.) In the instant case there is direct testimony that the infant decedent was struck by a car operated by an unknown person. There is no testimony, however, as to how the child came into contact with the car, there being no witnesses to that part of the occurrence. This absence of direct evidence as to how the accident actually happened is not, however, fatal to plaintiff's case. (*Stein* v. *Palisi*, *supra*; *Klein* v. *Long Island R. R. Co.*, 303 N. Y. 807; *Noseworthy* v. *City of New York*, 298 N. Y. 76.) The evidence further shows that the unknown operator was proceeding on a straight, level street with unobstructed visibility of about 200 feet on a clear day and, although proceeding slowly, was traveling close to the curb near which the infant decedent had been standing, and did not further slow down, move away from the curb, or sound a horn, and, although the child was struck with sufficient force to throw him into the air, did not slow down or stop. Upon this evidence a jury could reasonably infer that the unknown driver never saw the infant decedent, or should have seen the decedent or, having seen the decedent, should have operated the automobile with greater caution than would otherwise be required if no one or only adults, were present in the vicinity (*Stein* v. *Palisi*, *supra*; *Allen* v. *Stokes*, 260 App. Div. 600), since children must be expected to act upon childish instincts and impulses. (*Day* v. *Johnson*, 265 App. Div. 383.) The decedent being four years old was presumably *non sui juris*. His capacity to exercise care in the presence of danger is a question of fact for a jury, even assuming he were *sui juris*. (*Day* v. *Johnson*, *supra*.) Upon all the evidence presented, we are of the opinion that plaintiff did make out a prima facie case, and that the order dismissing the complaint must be reversed. (*Wragge* v. *Lizza Asphalt Constr. Co.*, *supra*.) Order reversed, on the law, and motion denied, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.