Thomas J. Ryan, J.
After order of consolidation, these actions for personal injuries and damages sustained by plaintiffs as a result of an automobile accident which occurred June 17, 1967, and after jury trial of the issues, verdicts in favor of all plaintiffs were rendered against defendant Brunson, operator of one of the vehicles involved.
The jury’s verdict was for no cause of action against defendant Brost Motors Inc., which had been sued by all plaintiffs as owner of the vehicle being driven by Brunson at the time of the accident.
After the verdicts, all plaintiffs moved, pursuant to CPLR 4404 (subd. [a]) to set aside that portion of the jury’s verdict which found no cause of action against defendant Brost Motors Inc. and that judgment be granted as a matter of law in favor of all plaintiffs against Brost pursuant to the provisions of section 416 of the Vehicle and Traffic Law of this State.
The plaintiffs who were passengers in the Brunson auto also moved to set aside the verdicts as to their causes as being against the weight of the evidence.
To briefly summarize the pertinent facts, the proof adduced indicated defendant Brunson purchased the automobile he was operating from Brost Motors Inc., an automobile dealer in the City of Buffalo, New York, on June 16, 1967. It is undisputed *822 that Brunson took possession of the automobile in question some time between 5:30 and 6:00 p.m. on that date and left the dealer’s premises with dealer plates affixed to the automobile, as loaned to him by Brest. As indicated, the accident occurred June 17, 1967 at approximately 8:00 p.m. and it is undisputed that at the time of the accident the dealer plates were on the Brunson automobile.
Section 416 of the Vehicle and Traffic Law authorizes dealers to lend dealer plates to purchasers provided they comply with certain mandatory conditions set forth in the section and it is the law that unless a dealer complies with each of the conditions indicated, he is loaning plates without statutory authorization and is estopped from denying ownership of the vehicle. In Switzer v. Aldrich (307 N. Y. 56, 59) .the Court off Appeals indicated that since it is the dealer who seeks to gain whatever advantages the privilege of section 416 may afford a dealer, it does not seem unreasonable to hold such organization or individual to strict compliance with the conditions contained in that section.
The first paragraph of section 416 requires that proper application for registration and number plates be made within 24 hours after a purchaser takes possession of a vehicle from a dealer which vehicle contains dealer plates. The section authorizes mailing of the application and mandates that this must be done within 24 hours of the time the vehicle is turned over to a purchaser. In the instant case, the application was not made by Brest Motors Inc. until June 19, 1967, when Brost’s salesman, Di Vizio, as he testified, personally presented the application at the Brie County Clerk’s automobile bureau.
Also, section 416, as aforesaid, specifically forbids the dealer from loaning its dealer plates unless the dealer has first mailed a verified statement (Form NV 49) to the Commissioner of Motor Vehicles. Specifically, the third paragraph reads: 11 A dealer or lessor who sells or leases a motor vehicle # # * shall not deliver or permit to be taken by the vendee or lessee any such number plates without first mailing to the commissioner a verified statement, upon a blank to be furnished by him in such form as he shall determine. ’ ’
The proof in this case is that a senior clerk of the Department of Motor Vehicles, Dealer’s Section, was produced and denied that a verified statement (Form MV 49) was ever received by the department as to the loan of Brost’s dealer plates to Brunson. It became incumbent thereupon for defendant Brost to offer proof that this verified statement was mailed *823 if they were to approve their compliance with the third paragraph of section 416.
It is the law that where there is no proof of actual mailing, there must be sufficient proof of the regular custom and practice within an office or business to establish a presumption of mailing and we cannot indulge in setting up this presumption. Hence, the custom or practice in a business of how they mail correspondence must be shown by someone charged with the duty of mailing such documents before any presumption can arise. (See Gardam & Son v. Batterson, 198 N. Y. 175.)
In this case, the only proof offered by defendant Brost to create the presumption was testimony elicited from their "bookkeeper that she prepared the verified statement (Form MV 49) some time in the late .afternoon of June 16, 1967, the day Brunson took possession of the automobile, and that she placed it in an office box from where it would normally be removed by another, employee and mailed. She frankly and forthrightly testified that it was the custom and practice in that business office for another employee to pick up the office mail from the box and take it to the post office. She could not testify as to whether that employee charged with picking up the mail had done so and there was no other proof offered that this mail was picked up from the original box and taken to the post office in the normal course of defendant Brest’s business. It would seem to the court that this sets up the gap in the mailing, as referred to in the Gardam case (supra). Specifically, we cannot indulge in an inference to get to the presumption that the verified statement (Form MV 49) was mailed by an employee.
The defendant corporation’s failure to insure that the application for registration and number plates was made within a 24-hour period after Brunson took possession of the automobile, together with its failure to show proof that Form MV 49 was actually mailed prior to loaning its dealer plates, renders the transaction defective and in violation of section 416 of the Vehicle and Traffic Law of this State. It, therefore, must necessarily follow that the defendant corporation is now estopped from denying ownership of the Brunson automobile bearing its dealer plates at the time of the accident. Further, under section 388 of the Vehicle and Traffic Law of this State, it is liable as a matter of law to all of the plaintiffs herein for the injuries they received as a .result of this accident. (Shuba v. Greendonner, 271 N. Y. 189; Reese v. Reamore, 292 N. Y. *824 292; Switzer v. Aldrich, 307 N. Y. 56, supra; and Gardam & Son v. Batterson, 198 N. Y. 175, supra.)
The defendant corporation in support of its position relies upon Higginbotham-Bailey-Logan Co. v. Mellon (244 N. Y. 542). There, the employee of Higginbotham testified that she had direct supervision of sealing, stamping and mailing all outgoing mail of the firm. This case is clearly distinguishable on the facts of this case for there, there was no gap in the chain of custody of the mail and the proper etnployee who actually was charged with the responsibility of mailing testified. There was no such testimony in this case.
There remain the motions made by the plaintiffs who were passengers in the Brost automobile to set aside the verdicts in their action and requesting the court for judgments increasing the amount of the jury verdicts in this case, or in the alternative, for a new trial of these actions on the ground that the jury verdicts were inadequate. The court, having reviewed the evidence in regard to the verdicts involved in this motion and when comparing those verdicts against the proof of damages and injuries as to the plaintiffs involved, feels that these are clearly inadequate. They are, therefore, set aside and a new trial of these actions is granted unless the defendants Brunson and Brost Motors Inc., within 10 days after the service of a copy of an order pursuant to this decision with notice of entry thereof, shall stipulate to increase the verdicts in the afore-
said cases to the following amounts:
1. Willie Harper, individually
(originally $363) ..................... $600
2. Willie Harper, as parent and guardian of Brian Harper
(originally $70) ...................... 350
3. -Sammie Harper, individually
(originally $131) ..................... 600
4. Joanne Morris
(originally $206) ..................... 1,200
5. Joanne Morris, as parent and guardian for Shatisa Walker
(originally $132) ..................... 600
If such stipulations are entered into they shall be filed in the office of the Clerk of the County of Erie and the defendants shall serve a copy thereof with notice of filing upon plaintiffs7 attorney.
*825 Motions of all plaintiffs for judgments pursuant to CPLB 4404 (subd. [a]) as against defendant Brost Motors, Inc. are granted.
Motions of plaintiffs Harpers, Morris, and Walker for a new trial are granted, unless stipulation is filed to increase verdicts as herein provided.