John A. Monteleone, J.
In this death action the plaintiff seeks to recover money damages from the defendant Cunningham, the driver and from the other three defendants, as ‘ ‘ owners ” of the 1959 DeSoto which struck the decedent pedestrian on August 12,1964.
The only defendant appearing and defending this action is Farmingdale Garage, Inc. The other defendants were served but failed to answer and are in default. The defendant, Farmingdale, a dealer in the sale of new and used motor vehicles, denies ownership, operation and control of the vehicle in question and upon consent, a nonjury preliminary hearing was conducted to determine ownership.
Plaintiff’s contention is that the dealer, Farmingdale, is estopped from denying ownership because of its violation of section 416 of the Vehicle and Traffic Law. Farmingdale denies noncompliance of its statutory obligations.
The aforesaid section 416 provides for limited use of dealer’s plates for a period of five days by a vendee or lessee upon certain conditions. The vendee or lessee is required to return these plates to the dealer before the expiration of six days and if he fails to do so, the dealer is to notify the Commissioner of Motor Vehicles of such fact by mail.
A witness, Sheldon Porte, sales manager of Farmingdale, testified that he remembered Tyson’s taking a 1955 Nash sold to him by Farmingdale on June 3, 1964 from its premises on August 7, 1964. Mr. Porte, further testified that dealer plates bearing No. 43271 were given to Tyson on August 7, 1964. These dealer plates were affixed to the motor vehicle which struck the decedent.
If the court were to accept the testimony of Sheldon Porte, there would be no statutory violation of section 416, since the accident occurred five days from the date of loan.
The evidence disclosed that Tyson purchased all of Farming-dale ’s junk cars in 1963 and until August of 1964. On May 29, 1964, Tyson purchased two automobiles from Farmingdale. The invoice of sale is dated May 29, 1964. Dealer plates No. 43271 were loaned to Tyson by the dealer and motor vehicle form No. *940 50 was issued by Farmingdale permitting the loan of said plates pursuant to section 416 of the Vehicle and Traffic Law. Farming-dale’s police book recorded the loan of such plates and further indicated their return on May 30,1964.
On June 3, 1964, Tyson purchased four automobiles from Farmingdale. Both the invoice of sale and M. V. form 50 were issued by the dealer on said date and plate number 43271 was loaned to Tyson for all four vehicles. Farmingdale’s police book records the loan of the dealer’s plates but there is no record of their return.
On June 12, 1964 Tyson purchased another automobile from Farmingdale. An invoice of sale and M. V. 50 denote said date of sale and again the loan of plates numbered 43271. The police book has no entry of any loan of dealer’s plates as a result of this sale.
Farmingdale’s invoice dated July 16, 1964 denotes two more automobiles sold to Tyson. One was a used 1958 Ford Sedan sold for $150 and the other a used 1958 Plymouth for $85. An M. V. 50 form was issued for the 1958 Plymouth, wherein it denoted the sale date as July 20,1964. It further indicated that this vehicle was a nonoperable junk vehicle and that no dealer’s plates were loaned to Tyson. With respect to the 1958 Ford sold in July 1964, the defendant Farmingdale failed to produce an M. V. 50 form, as requested on an examination before trial conducted on August 20,1965. This M. V. 50 form was not produced thereafter, nor was it produced during the trial. The dealer’s explanation was that it searched its records and wasn’t able to find it.
Section 78.10 of the Bules and Begulations of the Department of Motor Vehicles (15 NYCBB 78.10) applies to certificates of sale, referred to as form M. V. 50. Subdivision (c) (par. [1]) provides: “ The original certificate of sale is to be given to the purchaser at the time of delivery of vehicle.” Testimony as to custom and usage of the M. V. 50 form was given by several witnesses. The court finds that the custom in the automobile vending business is to prepare this M. V. 50 certificate of title form when immediate possession by the vendee is contemplated.
As a matter of credibility, the court rejects the testimony of Sheldon Porte and finds, as a matter of fact, that the dealer’s plates in question were given to Tyson for the removal of the 1955 Nash on or about June 3, 1964 and not on August 7, 1964, as he testified. It therefore follows that Farmingdale violated its statutory obligation under section 416 by failing to notify the Commissioner of Motor Vehicles of Tyson’s failure to *941 return the plates within six days from the last date that the plates were loaned to Tyson. According to Farmingdale’s records, as submitted during the trial, this date was June 12,1964. Pursuant to section 78.25 of the Rules and Regulations of the Department of Motor Vehicles (15 NYCRR 78.25 [a] [1]) a dealer is to maintain a permanent bound book of registry, commonly called a police book in the industry, to record the loan of a dealer’s plate and the date of its return, Farmingdale violated this regulation with respect to the June 12, 1964 sale and with its alleged loan on August 7, 1964. The court finds that the latter date was fictionally selected to bring the dealer within section 416 of the Vehicle and Traffic Law.
The question now presented is whether a dealer in violation of its statutory obligations is estopped from denying ownership under the circumstances.
Patrolman Hannon testified that he arrived on the scene after the accident and concluded from his investigation that the vehicle involved in this accident was owned by the defendant Walker. Patrolman Lang, attached to the accident investigation squad, also came to the scene of the accident and after his investigation, he testified that the defendant Farmingdale was the owner. The motor vehicle accident report signed by the driver Cunningham reports Tyson as the owner. None of the individually named defendants testified. On the basis of the evidence, the plaintiff has failed to prove ownership of the vehicle by a fair preponderance of the credible evidence. The proof is barren as to how Farmingdale’s plates got onto the vehicle that struck decedent. Further, there is no proof that Cunningham had permission from anyone to drive the vehicle in question. Inferences can only be drawn from accepted proven facts. They cannot be speculative or drawn from mere suspicion.
Plaintiff relies principally on the case of Reese v. Reamore (292 N. Y. 292). In the latter case, the dealer’s plates were used by the dealer’s mechanic who had purchased the vehicle from his employer. The dealer permitted use of its plates for about seven weeks and the car was driven with permission of the owner. This case does not fall within the fact pattern of Reese v. Reamore (supra) as plaintiff contends. However, the law as enunciated in the latter case, as well as Switzer v. Aldrich (307 N. Y. 56) governs and provides that there is no liability on a dealer’s part where the dealer complies with the statutory requirements or where the plates are used by others without his permission, express or implied.
Accordingly, Farmingdale’s motion to dismiss plaintiff’s complaint is granted.