RUTH M. JAMISON, as Administratrix of the Estate of LEN PARLER, Deceased, Appellant, v JOHN WALKER et al., Respondents.

Second Department, June 16, 1975

*Leonard E. Friedman (Bernard Meyerson* of counsel), for appellant.

*Mele & Cullen (Joseph D. Ahearn* of counsel), for Farmingdale Garage, Inc., respondent.

HOPKINS, Acting P. J. This appeal in a wrongful death action entails two separate but related issues—whether the plaintiff established a prima facie case on the jury trial of the issues of negligence and contributory negligence and whether defendant Farmingdale Garage, Inc. was estopped from disclaiming liability resulting from the use of its dealer's registration plates on the automobile which struck the decedent represented by the plaintiff.

The Trial Term held that the plaintiff had failed to make out a case for the consideration of the jury, and dismissed the complaint at the close of the plaintiff's case; and the Trial Term also found on the second issue, after a nonjury trial, that Farmingdale was not estopped from denying liability based on the use of its plates *(Jamison v Walker,* 69 Misc 2d 938). We reverse. We hold that there should be a new trial, since the plaintiff was entitled to go to the jury on the issues of negligence and contributory negligence, and that as a matter of law Farmingdale was estopped from contesting its

liability under the applicable statute (Vehicle and Traffic Law, §§ 388, 416).

We treat first the issue whether the plaintiff made out a prima facie case on the issues of negligence and contributory negligence. As the action is for wrongful death, we must view the evidence in the light of the rules that the plaintiff is not bound to the same standard of proof required of an injured party who may himself testify *(Noseworthy v City of New York,* 298 NY 76, 80) and that the burden of proof of contributory negligence rests on the defendants (EPTL 11-3.2); moreover, as the complaint was dismissed by the trial court we must consider the evidence in the aspect most favorable to the plaintiff *(Meiselman v Crown Heights Hosp.,* 285 NY 389, 392).

The proof established that the decedent was found at about 10:30 P.M. on August 12, 1964 lying in the street by police officers, who testified that they had conducted an investigation disclosing that a DeSoto automobile bearing dealer's plates and operated by John W. Cunningham had struck the decedent. Cunningham had told the officers that he was proceeding west on Atlantic Avenue near its intersection with Hopkinson Avenue when he attempted to pass another car also westbound; and that, in pulling out of his lane, he saw the decedent too late to avoid him and struck him. The Trial Term ruled that these statements were not binding on defendant Farmingdale. Cunningham's automobile had dents on the left front fender, the headlight and the top rear of its roof. In addition, one of the officers testified that skid marks were found on the roadway, measuring 60 feet for the left front wheel and 58 feet for the right front wheel.

This proof, we think, was sufficient to make out a prima facie case. That Cunningham was operating his automobile at excessive speed at a busy intersection was inferable from the length of the skid marks on the pavement, and the dents on the automobile, indicating that the decedent was hit with such force that his body was propelled into the air, striking the roof of the automobile. Moreover, though Cunningham's statements to the police could not be receivable against Farmingdale as admissions *(Van Campen v Cram,* 30 AD2d 541; *Kelly v United Dressed Beef Co. of N. Y.,* 249 App Div 586), even under the theory of a community of liability (cf. Richardson, Evidence [10th ed.], §§ 245, 243), nevertheless, the statements could have been admitted into evidence against Farmingdale as declarations against interest. This is so because there was

testimony that Cunningham could not be located at the time of the trial.

Declarations against interest are admissible against a party whenever the declarant.is unavailable at the trial on account of death or absence from the jurisdiction (5 Wigmore, Evidence [Chadbourn rev. 1974], § 1456, p 327; cf. *Alexander Grant's Sons v Phoenix Assur. Co. of N. Y.,* 25 AD2d 93). Absence from the State should be equated with inability to locate the declarant with due diligence within the State (cf. *Johnson v Sleizer,* 268 Minn 421; *Syracuse Eng. Co. v Haight,* 97 F2d 573, 575; *Gichner v Antonio Troiano Tile & Marble Co.,* 410 F2d 238). Clearly, the statements made by Cunningham were against his pecuniary interest—marking the "circumstantial probability of trustworthiness" of the evidence, as Wigmore puts it (5 Wigmore, Evidence [Chadbourn rev. 1974], § 1455, p 324). Unlike admissions, declarations against interest may be introduced, despite the lack of privity or community of liability between Cunningham and Farmingdale (Richardson, Evidence [10th ed], § 255).

Thus, the plaintiff established facts from which both negligence and causation may be reasonably inferred *(Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320; see, also, *Eder v Cashin,* 281 App Div 456; *Snell v Motor Vehicle Acc. Ind. Corp.,* 34 AD2d 872); and any issue of contributory negligence was also a matter of determination by the jury *(Andersen v Bee Line,* 1 NY2d 169, 171).

We come, then, to the question of Farmingdale's liability as the owner of the plates with which Cunningham's automobile was equipped at the time of the accident. Farmingdale would, of course, be liable for Cunningham's negligence if it were the owner of the automobile driven with its consent (Vehicle and Traffic Law, § 388). But Farmingdale contended before the Trial Term at the nonjury trial that it had never owned the DeSoto operated by Cunningham, that the dealer plates found on the automobile had been loaned by it to one Tyson, who had purchased a Nash automobile from Farmingdale, and that it had not entered into any transaction with Cunningham, except that following the accident Cunningham came to Farmingdale's premises, returned the plates and made out an accident report. Farmingdale claimed, in addition, that the dealer plates were loaned to Tyson on August 7, 1964 (five days before the accident).

Farmingdale hence concluded that it had complied with the

statute which directs that a limited use of dealer plates may be granted by loan for five days, and that only after the failure of the person to whom the plates are loaned to return them within six days is there an obligation on the dealer to notify the Commissioner of Motor Vehicles of the transaction (Vehicle and Traffic Law, § 416). The Trial Term, however, did not accept the testimony produced by Farmingdale that the loan of the plates occurred on August 7, 1964; it found instead that the plates were loaned on June 3, 1964—more than two months before the accident. The Trial Term found, accordingly, that Farmingdale had violated the statute. With these findings we concur.

The Trial Term, nonetheless, held that Farmingdale was not liable because the plaintiff was unable to prove how the plates found their way to the automobile driven by Cunningham, and that, absent that proof, Farmingdale had no statutory liability. We hold to the contrary.

The point is that it is not so much the plaintiff's burden to trace the plates in an exact chain of events or transfers from Farmingdale to Cunningham as it is Farmingdale's obligation to injured parties as the result of the use of the dealer plates which it had loaned and allowed to be used in disregard of the statute. New York enforces a strong public policy to protect victims of injuries caused by negligently driven automobiles (*Motor Vehicle Acc. Ind. Corp. v Continental Nat. Amer. Group Co.,* 35 NY2d 260) and a dealer who violates the statutes effectuating the public policy is estopped from disclaiming liability (e.g., *Reese v Reamore,* 292 NY 292, 295; *Phoenix Ins. Co. v Guthiel,* 2 NY2d 584, 587; *Rudes v Hartford Acc. & Ind. Co.,* 32 AD2d 575; *Haak v Brost Motors,* 69 Misc 2d 820, affd 39 AD2d 645; *Morgan v Termine,* 2 Misc 2d 109). The rule was simply stated in *Reese v Reamore (supra,* p 297): "If, however, the dealer permits the use of his plates in deliberate violation of the statute, then * * * he may not deny his ownership which he has falsely evidenced by permitting the unlawful use of his plates by another."

It is no answer for Farmingdale to say that it had no dealings with Cunningham (overlooking the fact that the latter had returned the plates to it after the accident); it had permitted its plates to be used beyond the statutory period of exoneration—indeed, for a period of more than two months without notice to the State authorities responsible for the enforcement of the law protecting the public. Under the

circumstances, it can hardly be argued by Farmingdale that it may escape liability because the plates were shifted to another automobile operated by one other than the borrower of the plates. Nothing was offered by Farmingdale to establish that the plates had been stolen by Cunningham or kept by Tyson without its permission after June 3, 1964, the date upon which the Trial Term found the plates were loaned to Tyson. It was, in short, a risk reasonably to be anticipated by Farmingdale that its plates would continue to be used on automobiles operated in violation of the statutes requiring insurance as a condition to registration.

For these reasons we hold that Farmingdale is liable under the statute as owner by estoppel for Cunningham's negligence, if such should be proved to the satisfaction of the jury at the new trial which is necessary. Hence, we reverse and grant a new trial, with costs to abide the event. We, of course, express no opinion whether Cunningham was negligent in the operation of the automobile, whether the decedent's death was caused by the operation of the automobile, or whether the decedent was guilty of contributory negligence.

LATHAM and COHALAN, JJ., concur; MARTUSCELLO and BRENNAN, JJ., dissent and vote to affirm.

Judgment of the Supreme Court, Kings County, entered August 24, 1973, reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented insofar as the review of the jury trial was concerned. Questions of fact were not considered on the review of the nonjury trial.