OPINION OF THE COURT
Harry Edelstein, J.
The plaintiff Interboro Mutual Indemnity Insurance Co. filed an action seeking a declaratory judgment concerning its obligations under an insurance policy issued to William F. Karpowic. At issue was “Transporter Plates Coverage” which insured “any automobile not owned by the named insured, but only (1) while operated with the transporter plates described in this endorsement by the named insured or any employee or agent thereof for the purpose of delivery * * * This insurance does not apply while such automobile is used for personal, pleasure or family purposes or for any business purpose other than delivery of the automobile.” The plaintiff argues that the circumstances *948 surrounding the operation of the vehicle at the time of its involvement in an accident brings it outside the coverage of the policy. The defendants assert that there is coverage under the policy and that, in any event, the plaintiffs are barred from disclaiming coverage due to inadequate notice of the disclaimer to the injured parties.
A hearing was held by this court to determine these issues. The evidence showed that the insured William Karpowic gave a 1974 Buick equipped with transporter plates to Russell Mucigrosso on Friday, May 30, 1980, for the apparent purpose of delivering the vehicle to a nearby body shop for repair. That vehicle, apparently driven by Mr. Mucigrosso, was involved in an accident with a motorcycle ridden by Thomas Alfredo and Ronald Romeo on Sunday, June 1, 1980, at approximately 2:00 a.m. Mr. Karpowic testified that he notified the plaintiff, his insurance company, of the accident, on Monday, June 2, 1980. On August 28, 1980, counsel for Mr. Romeo notified the plaintiff of the accident and the plaintiff disclaimed coverage on October 16, 1980, by letters to counsel for the injured parties.
After consideration of the testimony, the court finds that the automobile involved in the accident with Mr. Alfredo and Mr. Romeo was not being operated for the purpose of delivery. The accident occurred a day and a half after leaving Mr. Karpowic’s premises, and in the early morning hours of the following Sunday. Though the repair shop was very close to Mr. Karpowic’s place of business, the vehicle was not taken there directly. The circumstances of the accident preclude this court from concluding that the vehicle was en route for repair. The insured’s principal policy is effective only as to owned and registered vehicles. The transporter plate endorsement only applies to vehicles not owned by the insured, but while used for specific purpose, i.e., delivery. As noted above, this court finds that the vehicle was not being operated for the purpose of delivery at the time of the accident.
In order to avoid the direct consequence of the above finding, the defendants have argued that the exclusion of coverage is in violation of the public policy of New York State that all victims of automobile accidents have access *949 to financial compensation for their injuries, and that the exclusion by Interboro should not be enforced. Though this State does have a public policy of protecting automobile accident victims, the Legislature has addressed this matter through section 310 et seq. of the Vehicle and Traffic Law and section 600 et seq. of the Insurance Law. The Legislature established the Motor Vehicle Accident Indemnification Corp. to provide financial compensation for injured victims. (Matter of Lloyd [MVAIC], 23 NY2d 478.) In fact, section 600 of the Insurance Law was designed to close the gaps in section 310 of the Vehicle and Traffic Law. Although an insurance company will not be permitted to disclaim liability for slight deviations from the terms of its policy when it can be said to have constructively consented to such deviations (MVAIC v Continental Nat. Amer. Group Co., 35 NY2d 260), an insurance company should not be penalized for an insured’s gross violation of the terms of the policy and the requirements of the law. (Cf. Rudes v Hartford Ace. & Ind. Co., 32 AD2d 575.)
The protection provided under an insurance policy is the sum total of the combination of the insurance agreement and its exclusions, no more and no less. (Schiff Assoc. v Flack, 51 NY2d 692.) A court may neither make nor vary the insurance contract to accomplish abstract justice by extending coverage beyond the fair intent and meaning of that agreement. (American Motorists Ins. Co. v North Country Motors, 80 AD2d 937.) The vehicle which Mr. Karpowic gave to Mr. Mucigrosso and which was involved in the accident was being operated in violation of the terms of both the principal policy and the transporter plate endorsement. Accordingly, the policy issued by the plaintiff does not afford coverage for the accident involved in this matter.
Another issue raised by the defendants was whether, regardless of the terms of the contract, the plaintiff should be permitted to disclaim coverage due to the delay and method of notifying the injured parties. In effect, the defendants argue that the plaintiff waived its right to disclaim coverage. However, when the primary issue to be determined is whether or not there is coverage in existence, the doctrine of waiver has been held to be inapplica *950 ble. (Schiff Assoc. v Flack, supra.) The policy and endorsement in question preclude coverage when there is lack of compliance with the specified conditions. Therefore, the plaintiff did not waive its right to disclaim coverage by virtue of whatever delay occurred. (See, also, Matter of Allstate Ins. Co. [Walsh], 115 Misc 2d 907.)
Accordingly, the plaintiff is granted judgment as against Thomas Alfredo, Ronald Romeo and the American Security Insurance Company declaring that the policy issued to William Karpowic does not afford insurance coverage in connection with the aforesaid automobile accident of June 1,1980, and that the plaintiff has no duty to defend in that action.
The causes of action by the plaintiff as against William Karpowic and Russell Mucigrosso are severed from the causes of action against the other defendants. A default judgment is granted as against defendant Russell Mucigrosso for his failure to appear to answer in the action. The causes of action against defendant William Karpowic are stayed due to the filing of a bankruptcy petition on his behalf.
No costs or disbursements are awarded in the action.