OPINION OF THE COURT
Arthur W. Lonschein, J.
On September 19,1982, the plaintiff Robert Kaufer, a passenger in a Porsche automobile operated by Jeffrey Kruger, was severely injured when Kruger lost control of the car and the car left the road. After bringing suit against Kruger, the plaintiff discovered that Kruger did not have liability coverage on the car and thus brought this suit for a declaration that the insurance policy carried by the Porsche’s previous owner afforded coverage to the plaintiff. The defendant, New Jersey Manufacturers Insurance Company has disclaimed coverage and denies that the previous owner’s policy of insurance covered the accident of September 19, 1982.
Both the plaintiff and the defendant, contending that there is no issue of fact to be decided and that the resolution of the questions of the issues involve applicable New York and New Jersey law, move for summary judgment.
The facts, most of which are not in dispute are as follows:
The original owner of the 1972 Porsche was Eugene Brugger, Sr. On September 11, 1982, he gave his son, Eugene Brugger, Jr., a student at Seton Hall University in New Jersey, a power of attorney to sell the car. At that time the car was registered to Brugger, Sr., in the State of New Jersey, and had New Jersey *17 license plates, although Brugger, Sr., had moved to Texas. On September 18, Jeffrey Kruger, the driver at the time of the September 19th accident, met with Brugger, Jr., with a view to purchase the car.
At the time the parties agreed to the terms of the sale. The price was $5,300 and was paid at that time in cash and certified check. Brugger, Jr., then delivered the car to Kruger, with the title documents, and gave a handwritten bill of sale to Kruger reading as follows: “Proof of sale — 9/18/82. I hereby sell my Porsche 914 (1972) to Jeffrey Kruger for the price of $2,000. Seller — Eugene C. Brugger.”*
At the time of this transaction, it is Kruger’s testimony in an examination before trial in the underlying action which is now pending in Queens County that Brugger, Jr. gave him the insurance card on the vehicle and told him that he was allowed to drive the car with the Jersey plates affixed until the following Monday, which was September 21. Brugger’s version of this aspect of the transaction is that he told Kruger that there were no commitments regarding insurance coverage on the car. One thing not in dispute is that when Kruger drove away with the car, the Brugger (N.J.) plates were on the car. Thereafter, Kruger drove the car to his home in Glendale, Queens County. The following day, September 19, he picked up Kaufer (the plaintiff), drove back to New Jersey with the Jersey plates still affixed and had the accident in which the plaintiff sustained injuries. At some time later, Kruger did in fact register the car in New York State.
It is the plaintiff’s contention that Brugger’s insurance company, the defendant herein, covered the car at the time of the accident because the parties contemplated that the sale was to be finalized on September 21, as evidenced by the delivery of the insurance card and permission to use the Jersey plates until then. Plaintiff further argues that applicable New Jersey law supports this contention.
The defendant insurance company argues that the sale was final at the time of the delivery of the car, bill of sale and title documents by Brugger and the acceptance by Brugger of the full consideration in cash and certified funds. Defendant further argues that according to applicable New Jersey law, and the *18 Uniform Commercial Code as adopted by New York and New Jersey, title passed at the time of such delivery. Both sides agree that the defendant’s obligations on the policy of insurance written by it ordinarily would end at the time the policyholder ceases to be the owner of the car. Thus, the question to be resolved by the court is when did the sale take place, on Friday the 18th as defendant argues or on Monday the 21st as the plaintiff urges that the evidence shows. For the purpose of this motion, it is not necessary to resolve the factual differences between Kruger and Brugger, Jr., since I am going to assume the truth of Kruger’s testimony on three points: one, that at the time of the accident the car had Jersey plates affixed; two, that Brugger gave him the insurance card, and three, that Brugger told him he was “allowed to drive the car until Monday, until I could get it insured in my name.” There was no actual conversation between the two as to when title was supposed to pass other than the above and other than the delivery of the car, documents and consideration.
In determining when title passed and perforce, when the defendant’s obligation to defend and pay ceased, an examination of applicable New Jersey case law and statutes is necessary. In New Jersey Mfrs. Ins. Co. v Keystone Ins. Co. (112 NJ Super 585, 272 A2d 306), the court held that when an owner of a vehicle gave a transferee possession of the vehicle involved, the keys thereof, the documents of title and received in return payment in full for the car, title passed at that time. That court made its finding based upon the New Jersey statute, which is similar to our own statute: the Uniform Commercial Code (NJ Stats Ann § 12A:1-101 et seq.; NY Uniform Commercial Code § 2-401). The New Jersey statute reads in pertinent part as follows: “Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place” (NJ Stats Ann § 12A:2-401 [2]; emphasis mine).
The statute also reads:
“Unless otherwise explicitly agreed where delivery is to be made without moving the goods,
“(a) if the seller is to deliver a document of title, title passes at the time when and the place where he delivers such documents” (NJ Stats Ann § 12A:2-401 [3] [a]).
Thus, if the Uniform Commercial Code applied to this sale, title passed on September 18, 1982 when the automobile and *19 title documents and bill of sale were delivered to Kruger and when Kruger paid the consideration in cash and in certified funds. The plaintiff argues, however, that the leaving of the Jersey plates on the car and the answers of the buyer to the following questions are indicative of an agreement between the parties that title was not to pass until September 21.
“Q. Did he give you any other documents indicating that he sold the car to you?
“A. The insurance card.
“Q. He gave you his insurance card?
“A. Yes * * *
“Q. Do you know why he didn’t remove his license plates?
“A. He told me I was allowed to drive the car until Monday, until I could get it insured in my name.”
This proof falls far short of what is required by New Jersey law. If title were to pass at a time other than delivery and payment, the Uniform Commercial Code of that State requires that the agreement setting the time of the passing of title must be “explicit” and not implied as plaintiff in effect would urge. If the verbiage offered by the testimony of Kruger means anything at all, it certainly falls far short of an “explicit” agreement of title passing on the 21st instead of the 18th. Indeed, I find it difficult to spell out even an implied agreement from such vague verbiage.
Therefore, I hold that the sale was complete on September 18, 1982, and that the defendant’s obligations under its contract of insurance with Brugger ceased at that time.
Nevertheless, the plaintiff argues that the defendant insurance company is still responsible under the policy because, as counsel argues, “it has long been the law in New York that public policy prohibits a former owner from denying ownership of the vehicle bearing his registration plates at the time of the accident,” citing Switzer v Aldrich (307 NY 56) and other authority in this State holding such a former owner who leaves his plates affixed is estopped from denying ownership following a sale. We are concerned of course with New Jersey law, not New York law primarily, since the sale, as well as permission to use the plates and the accident one day thereafter took place in New Jersey. This principal of estoppel found in New York law is viewed favorably and adopted by the New Jersey courts in Eggerding v Bicknell (20 NJ 106, 111, 118 A2d 820, 822) where the court commented on “the wholesome New York view which prohibits or estops a dealer from denying that he was the owner *20 of a car which he illegally permitted to be operated with his dealer’s plates” (citing Switzer v Aldrich, supra).
The difficulty with the plaintiff’s position is that according to our law which New Jersey regards as “wholesome”, only the former owner-seller of a car is estopped from denying ownership on the happening of an accident. However, the insurance carrier for the former owner-seller is not so estopped from denying ownership if ownership was in fact transferred prior to the accident even if the former owner permitted his license plates to remain on the car sold. Under these circumstances, there is no insurance coverage because no estoppel may be had against the carrier. (Rudes v Hartford Acc. & Indem. Co., 32 AD2d 575.)
Accordingly, this court holds as a matter of law that the defendant did not afford coverage on the Kruger automobile on the day of the accident, September 19, 1982. The defendant’s motion for summary judgment is granted and the complaint is dismissed. The plaintiff’s motion is denied.

 The only explanation that I can think of for the difference between $5,300 actual cash paid for the car and the $2,000 listed on the bill of sale, is that Brugger made out the bill for the lesser amount as an accommodation to Kruger to evade part of the compensating use tax when the car was to be registered in New York.