Barbara M. Taylor et al., Respondents, v Botnick Motor Corporation, Appellant.

Third Department, March 23, 1989

APPEARANCES OF COUNSEL

*Smyk & Smyk (Stephen D. Smyk* of counsel), for appellant.

*Shaw, O'Brien & Crowley (David F. Crowley* of counsel), for respondents.

*Kramer, Wales & Wright (Roger N. Lavinsky* and *Philip J. Kramer* of counsel), for Helen M. Walicke, *amicus curiae.*

*Scott C. Gottlieb* for Katherine J. Croll, *amicus curiae.*

### OPINION OF THE COURT

YESAWICH, JR., J.

For purposes of this appeal, defendant concedes the facts asserted in a deposition, given in a related action, by Katherine Croll. In June 1983, Croll, then 17 years old, and her boyfriend, Rodney Krause, went to defendant's establishment to purchase a used car. While there they were induced to buy

a new car instead, a 1983 Chevette, by defendant's salesman, John Swartwood, who represented that he could provide them with a temporary registration which would enable them to use the car for 30 days before they had to procure insurance for it themselves. Croll informed Swartwood that insurance coverage on the trade-in vehicle had recently expired, a fact Swartwood confirmed with Croll's insurance agent. Swartwood removed the license plates from the trade-in vehicle, attached them to the Chevette and issued a temporary registration in Croll's name, though the financing of the purchase was in Krause's name due to Croll's minority. The two did not learn that the Chevette was uninsured until a week later when Krause was involved in an accident while driving it.

The June 17, 1983 accident, involving a vehicle driven by Helen Walicke in which plaintiff Barbara M. Taylor was a passenger, resulted in a personal injury suit brought by Taylor and her spouse against Krause, Croll and Walicke. Thereafter, the Taylors commenced the instant action advancing four causes of action against defendant: the first, sounding in negligence, alleges that defendant negligently licensed and registered the Chevette, knowing it to be without liability insurance;* the second claims that defendant is vicariously liable as the owner of the Chevette; the third is a derivative claim, linked to the first two causes of action, by Taylor's husband; the fourth, by both plaintiffs, asserts that because Krause and Croll are uninsured due to defendant's negligence, judgments against Krause or Croll will be unrecoverable and are thus defendant's responsibility. Defendant moved for summary judgment, which Supreme Court denied, and now appeals. Croll and Walicke were granted leave to file an *amicus curiae* brief.

■ The first issue is whether violation of Vehicle and Traffic Law § 312 (1) (a), which requires that there be proof of financial security before a registered dealer in motor vehicles may issue a temporary certificate of registration pursuant to Vehicle and Traffic Law § 420 (7), gives rise to tort liability. It is clear that when a dealer undertakes to register a car it owes a common-law duty of due care only to the owner *(see,*

---

* Pursuant to Vehicle and Traffic Law § 420 (7), a dealer is authorized to issue a temporary certificate of registration for a vehicle it has sold to a person who has another vehicle which is "duly registered". To be duly registered, there must be proof of financial security, evidenced by, insofar as relevant here, an insurance policy currently in force (Vehicle and Traffic Law § 312 [1] [a]).

*Allbright v National Grange Mut. Ins. Co.,* 99 AD2d 651; *Dalrymple v Shults Chevrolet,* 51 AD2d 884, *affd* 41 NY2d 957). However, where a statutory scheme is aimed at protecting a distinct class of persons from a particular harm, the statute may be seen as creating an additional standard of care benefiting those persons *(see, Dance v Town of Southampton,* 95 AD2d 442, 445). Inasmuch as article 6 of the Vehicle and Traffic Law, of which section 312 (1) (a) is a part, was enacted to ensure "that innocent victims of motor vehicle accidents [are] recompensed for the injury and financial loss inflicted upon them" (Vehicle and Traffic Law § 310 [2]; *see, Rosado v Eveready Ins. Co.,* 34 NY2d 43, 47) and that objective is frustrated by a purposeful violation of section 312 (1) (a) by one charged with the duty of carrying out the statute, neglect in doing so can form the basis for a negligence claim *(cf., Oathout v Johnson,* 88 AD2d 1010, 1011). Cases such as *Granger v State of New York* (14 AD2d 645), relied upon by defendant to relieve it of responsibility, are grounded upon sovereign immunity in the exercise of governmental functions and obviously are inapplicable to the factual setting at hand.

■ ■ But negligence alone does not give rise to liability; there must be causation. While defendant's conduct in improperly registering the Chevette enabled the vehicle to be on the roadway, that dereliction was not a cause in fact of Taylor's injuries. Accordingly, plaintiffs' first cause of action must be dismissed for lack of causation. And plaintiffs' fourth cause of action is premature. That cause of action is predicated on the theory that because defendant allowed the Chevette, whether owned by Croll or Krause, to be operated upon the State's highways without insurance or advised them that they could do so, any judgment obtained against them by plaintiffs would be unrecoverable and, hence, defendant is responsible for the payment thereof. Whether a final judgment against Croll, Krause or both of them should indeed prove to be uncollectible in whole or in part is a matter of pure speculation until, at the very least, such a judgment has been entered.

■ That leaves plaintiffs' vicarious liability cause of action *(see,* Vehicle and Traffic Law § 388 [1]) and the derivative claim based thereon. Defendant argues that since title clearly passed to Croll or Krause or both, it cannot be the owner of the Chevette and thus cannot be vicariously liable. However, in analogous cases involving the unlawful "loaning" of dealer plates to car buyers, New York, to give force to the policy of assuring compensation to personal injury victims of automo-

bile accidents, engages in a legal fiction designed to estop registered dealers from denying ownership *(see, e.g., Jamison v Walker,* 48 AD2d 320, 324). This estoppel concept is based not on the niceties of contract law involving license plates *(cf., Mason v Allstate Ins. Co.,* 12 AD2d 138), but is invoked when the justice of the situation warrants, whether or not the vehicle is owned by the dealer *(see, e.g., Jamison v Walker, supra).* Here, if it is ultimately proven that defendant's agent knew the Chevette was uninsured when he registered it, the case for utilizing this estoppel concept is even stronger. A dealer who deliberately violates registration laws, as purportedly occurred in this instance, for the purpose of effecting his own gain, cannot be allowed to escape vicarious liability in any such circumstance lest the undeniably powerful legislative policy of requiring minimum liability insurance coverage on all vehicles operating on public roads be vitiated *(see, Switzer v Aldrich,* 307 NY 56, 59).

KANE, J. P., CASEY, MIKOLL and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion regarding the first and fourth causes of action and that portion of the third cause of action derived from the first cause of action; motion granted to that extent and said causes of action dismissed, with prejudice; and, as so modified, affirmed.