■ SUZANNE ZILENZIGER, Appellant, v WHITE PLAINS NISSAN, INC., Respondent, et al., Defendant. [607 NYS2d 138] —In a negligence action to recover damages for personal injuries arising out of an automobile accident, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 28, 1991, as (1) denied that branch of her motion which was for partial summary judgment estopping the defendant White Plains Nissan, Inc., from denying ownership of the offending

vehicle, and (2) granted the cross motion of the defendant White Plains Nissan, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the cross motion of the defendant White Plains Nissan, Inc. (hereinafter WPN) for summary judgment. WPN came forward with affidavits and documentary evidence, including an acknowledgment of purchase, sale invoice, and affidavit of delivery, demonstrating that the codefendant purchased and took delivery of the subject vehicle, equipped with license plates issued by WPN to the codefendant pursuant to Vehicle and Traffic Law § 420-a, on the day prior to the accident. This evidence established as a matter of law that the codefendant was the actual owner of the vehicle on the accident date.

Additionally, we find unpersuasive the plaintiff's contention that WPN should be estopped from denying ownership of the vehicle because it was initially listed as the registered owner and because WPN submitted an amended application to transfer the registration for the vehicle to the codefendant more than five days after it issued the license plates to him (see, Vehicle and Traffic Law § 420-a [4]; 15 NYCRR 78.23 [e] [1]). The record demonstrates that WPN submitted an original application for registration pursuant to Vehicle and Traffic Law § 420-a, but the New York State Department of Motor Vehicles returned that application because the codefendant's insurance agent made a one-digit error in setting forth the vehicle identification number of the automobile on the temporary insurance card. It was this error by the insurance agent which necessitated WPN's submission of an amended application beyond the five-day statutory period. Hence, the evidence established that WPN made every effort to comply with the statute and that any alleged failure to do so resulted from the insurance agent's error and did not constitute a deliberate or intentional violation of the statute by WPN. Similarly, WPN did not engage in any act whereby it held itself out as the owner of the vehicle on the date of the accident (cf., Switzer v Aldrich, 307 NY 56; Reese v Reamore, 292 NY 292; Shuba v Greendonner, 271 NY 189; Norman v Ferrara, 107 AD2d 739). Accordingly, we find that the imposition of estoppel against WPN is unwarranted and inappropriate under the circum-

stances. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.