■ ALFRED PANZELLA et al., Respondents, v MAJOR CHEVROLET, INC., Appellant, et al., Defendant. [619 NYS2d 129] —In an action, *inter alia,* to recover damages for personal injuries, the defendant Major Chevrolet appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated January 29, 1993, as denied its motion to dismiss the plaintiffs' complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Major Chevrolet (hereinafter Major) sold a van to the defendant Catherine Olivera. Five days later, while driving the van, Olivera struck and injured the plaintiff Alfred Panzella. At the time of the sale, pursuant to Vehicle and Traffic Law § 420-a, Major had issued a temporary registration to Olivera. That statute, however, required that in order to complete the process, the dealer had to submit certain documents to the New York State Department of Motor Vehicles within five days after issuing the temporary registration. Major did not submit the documents within the required time limit. The plaintiffs sued Major, as the owner of the van, and Olivera, as the operator of the van. Major moved to dismiss the complaint insofar as it is asserted against it on the ground that it was not the owner of the van. The plaintiffs opposed the motion, arguing that by virtue of Major's violation of Vehicle and Traffic Law § 420-a, Major was estopped from disputing ownership of the van. The court denied Major's motion.

The Supreme Court properly denied Major's motion. Where a dealer fails to comply with a statutory mandate regarding vehicle registration procedures, it will be estopped from denying ownership *(see, Switzer v Aldrich,* 307 NY 56; *Reese v Reamore,* 292 NY 292; *cf., Zilenziger v White Plains Nissan,* 201 AD2d 479). Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.