■ ARTHUR BROWN, Appellant, v ARTIZ HARPER, Defendant, and COLONIAL MOTORS, INC., Respondent. [647 NYS2d 245] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 24, 1995, which granted the motion of the defendant Colonial Motors, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as it is asserted against the defendant Colonial Motors, Inc.

On February 21, 1994, the defendant Artiz Harper, a New York resident, purchased an automobile from the defendant Colonial Motors, Inc. (hereinafter Colonial), a Pennsylvania car dealership. Colonial issued Harper a temporary Pennsylvania registration plate for the vehicle which was valid for 30 days. On July 8, 1994, Harper, while operating the vehicle in Brooklyn, allegedly struck and injured the plaintiff as he was crossing the street. At the time of the accident, the vehicle was unregistered and uninsured. Thereafter, the plaintiff commenced this action against Harper and Colonial, alleging that Colonial was liable to him as the "owner" of the vehicle. Colonial subsequently moved for summary judgment, contending that it was not the owner of the vehicle since it had sold the automobile to Harper. In opposition, the plaintiff asserted that under New York law, Colonial was estopped from denying ownership. The Supreme Court, applying Pennsylvania law, granted Colonial's motion and dismissed the complaint insofar as asserted against it.

Under Pennsylvania law, an authorized automobile dealer such as Colonial is required to verify that a purchaser has obtained insurance before issuing a temporary vehicle registration (see, 75 Pa Cons Stat Annot § 1318). A similar rule applies in New York (see, Vehicle and Traffic Law § 312 [1]; § 420-a [4]; 15 NYCRR 78.23). Here, Colonial failed to properly verify that the vehicle was insured and thus did not satisfy its statutory obligations relating to issuing temporary vehicle registrations. The issue then becomes whether Colonial may be liable to the plaintiff as the "owner" of the offending vehicle. Such a determination raises a choice of law question since New York and Pennsylvania law conflict with regard to the basis and extent of liability when a dealer fails to comply with the statutory mandates. Contrary to the Supreme Court's determination, we find that New York law applies.

Under New York law, a dealer who fails to comply with the statutory requirements regarding vehicle registration procedures, including the failure to verify insurance, is estopped from denying ownership of the vehicle and is fully liable to the plaintiff as if it were the "owner" of the vehicle (see, Switzer v Aldrich, 307 NY 56; Reese v Reamore, 292 NY 292; Panzella v Major Chevrolet, 209 AD2d 594; Taylor v Botnick Motor Corp., 146 AD2d 81; Jamison v Walker, 48 AD2d 320). New York law is based on a strong State policy which seeks to ensure that innocent third parties who are injured by an uninsured motorist may recover from a responsible party for the injury and financial loss inflicted upon them (see, Taylor v Botnick Motor

*Corp., supra,* at 84, 85; *Jamison v Walker, supra,* at 324; *see also,* Vehicle and Traffic Law § 310 [2]). Under Pennsylvania law, a dealer is liable to an injured third party, not under an imputed ownership theory, but for negligently failing to comply with statutory requirements and its liability is limited to an amount not to exceed the minimum amount of insurance required (*see, Pizzonia v Colonial Motors,* 433 Pa Super 9, 639 A2d 1185).

Utilizing the "interest analysis" approach to this choice of law issue (*see, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 521), we conclude that New York law applies. Therefore, the Supreme Court erred in granting Colonial's motion. We note, however, that even if Pennsylvania law applied, the motion should have been denied inasmuch as Colonial could be held liable for damages not exceeding the minimum insurance requirements. Thompson, J. P., Joy, Altman and Hart, JJ., concur.