OPINION OF THE COURT
John G. Connor, J.
Defendant Competition Imports, Inc., doing business as Competition BMW of Smithtown (Competition), seeks an order *98 dismissing plaintiffs complaint and granting it summary judgment pursuant to CPLR 3212. The plaintiff opposes the motion and seeks by cross motion an order granting partial summary judgment on the issue of liability against both defendants. The defendant Melissa J. Rifenburg does not oppose either motion.
Defendant Melissa J. Rifenburg purchased a 1995 BMW from defendant Competition on January 16, 2001. On January 17, 2001, Ms. Rifenburg had an automobile accident whereby she skidded off the road and struck several trees. She has admitted causing the accident and that she was driving under the influence of alcohol. The passenger in her vehicle, Thaddeus Boyce, was seriously injured and subsequently died from the injuries sustained in the accident.
At the time of the sale of the vehicle, Ms. Rifenburg provided financial and insurance documentation to Competition. Upon completion of the transaction, Competition issued license plates and a temporary registration to Ms. Rifenburg. Plaintiff alleges that Competition, as the dealer, did not comply with Vehicle and Traffic Law § 420-a (4) which requires that the buyer’s application for a permanent registration be delivered to the New York State Department of Motor Vehicles “within five calendar days of the date of issuance of the temporary registration.” Plaintiff alleges Competition never sent Ms. Rifenburg’s permanent registration application to the Department of Motor Vehicles until February 12, 2001. Plaintiff alleges the failure to file the permanent registration application within five calendar days from the issuance of the temporary registration renders the dealer, Competition, liable to plaintiff as a matter of law.
In support of its motion for summary judgment, defendant Competition contends that it is not liable as it was not the owner of the vehicle on the day of the accident, January 17, 2001; the vehicle was sold to defendant Rifenburg the day before the accident and the vehicle was registered with the New York State Department of Motor Vehicles on January 17, 2001 in Rifenburg’s name.
While numerous precedents clearly establish the availability of the remedy of summary judgment in an appropriate case (Matter of King, 16 AD2d 614), summary judgment should be denied where there is any doubt, at least any significant doubt, whether or not there is a material, triable issue of fact (Phillips v Kantor & Co., 31 NY2d 307). Summary judgment is often termed a drastic remedy and will not be granted if there is any doubt as to the existence of a triable issue (Maskowitz v Garlock, 23 AD2d 943). The summary judgment motion’s function *99 is often referred to as an “issue finding” method rather than an “issue determination” (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).
After issuing a temporary registration, an automobile dealer must submit the purchaser’s permanent registration application to the Department of Motor Vehicles within five calendar days of the date of the issuance of the temporary registration (see, Vehicle and Traffic Law § 420-a [4]; 15 NYCRR 78.23). Plaintiff concedes the vehicle was purchased on January 16, 2001. However, the permanent registration application was never received by the Department of Motor Vehicles until February 12, 2001.
Defendant Competition’s motion for summary judgment dismissing the complaint is denied. Competition alleges it was not the owner of the vehicle as it had transferred title to Ms. Rifenburg the day before the accident. Competition also alleges that defendant Rifenburg had obtained insurance coverage with Allstate Insurance Company for the vehicle. However, an automobile dealership that sold an automobile to a driver who five days later struck and injured the plaintiff was estopped from denying ownership of that automobile since the dealership issued a temporary registration to the driver but it did not submit certain documents to the New York State Department of Motor Vehicles within five days after issuing the temporary registration as required by statute (see, Vehicle and Traffic Law § 420-a [4]; Panzella v Major Chevrolet, 209 AD2d 594 [2d Dept 1994]). Where a dealer fails to comply with a statutory mandate regarding vehicle registration procedures, it will be estopped from denying ownership (Switzer v Aldrich, 307 NY 56; Zilenziger v White Plains Nissan, 201 AD2d 479 [2d Dept 1994]).
Plaintiff s cross motion seeking partial summary judgment on the issue of liability against defendant Competition is denied. Although ownership may not be denied by Competition for its failure to comply with the statutory requirements for vehicle registrations, there exists questions of fact that cannot be determined as a matter of law relating to the liability portion of this cause of action.
Plaintiff’s cross motion seeking partial summary judgment on the issue of liability against defendant Rifenburg is granted. Defendant Rifenburg’s attorney did not oppose this summary judgment motion and indicated that the full insurance policy limits have been offered on behalf of Ms. Rifenburg. In addition, Ms. Rifenburg pleaded guilty in Dutchess County Court *100 to the charge of criminally negligent homicide and admitted in her court allocution to negligently causing the death of Thaddeus Boyce.
Accordingly, defendant Competition’s motion for summary judgment is denied. Plaintiff's motion for partial summary judgment against defendant Competition is denied. Plaintiff’s motion for partial summary judgment against defendant Rifenburg is granted.