■ JANET MCCABE, as Administrator of the Estate of THADDEUS BOYCE, Deceased, and as Guardian of ALYSSA BOYCE, et al., Respondent-Appellant, v COMPETITION IMPORTS, INC., Doing Business as COMPETITION BMW OF SMITHTOWN, Appellant-Respondent, et al., Defendant. [762 NYS2d 157] —Lahtinen, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered July 10, 2002 in Ulster County, which, inter alia, denied a motion by defendant Competition Imports, Inc. for summary judgment dismissing the complaint against it.

On January 16, 2001, defendant Melissa J. Rifenburg purchased a 1995 BMW automobile from defendant Competition Imports, Inc. At the time of the sale, Competition issued a temporary registration for the vehicle to Rifenburg pursuant to Vehicle and Traffic Law § 420-a. Rifenburg was in a single vehicle accident early the following morning, January 17, 2001, and she subsequently admitted that, at the time of the accident, she was intoxicated and driving at a high rate of speed. A passenger in the vehicle, Thaddeus Boyce, sustained serious injuries that eventually resulted in his death in July 2001.

Plaintiff commenced this action against Rifenburg and Competition. Plaintiff alleged that Competition failed to forward the paperwork pertaining to the temporary registration to the Department of Motor Vehicles (hereinafter DMV) within five days as required by Vehicle and Traffic Law § 420-a (4) and, therefore, it was estopped from denying ownership. Competition moved for summary judgment dismissing the action against it. Plaintiff cross-moved for partial summary judgment on the issue of liability against Rifenburg and Competition. Supreme Court granted plaintiff partial summary

judgment against Rifenburg, who did not oppose the motion. Supreme Court further held that Competition's failure to submit the registration paperwork to DMV within five days estopped it from denying ownership, but that factual questions regarding the issue of liability nevertheless precluded partial summary judgment against it. Both Competition and plaintiff appeal.

Competition argues that its failure to comply with the five-day requirement of Vehicle and Traffic Law § 420-a should not mandate that it is an owner by estoppel. New York has long embraced the strong public policy of affording protection to innocent individuals injured by the negligent operation of motor vehicles (*see Murdza v Zimmerman,* 99 NY2d 375, 379 [2003]; *Fried v Seippel,* 80 NY2d 32, 41 [1992]; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350, 352 [1967]; *see also* Vehicle and Traffic Law § 388). Among the concerns implicated by this public policy are that owners of vehicles be easily identifiable (*see Shuba v Greendonner,* 271 NY 189 [1936]) and that vehicles be properly insured (*see Morris v Snappy Car Rental,* 84 NY2d 21, 27 [1994]). An automobile dealer who engages in acts that thwart this strong public policy may be estopped from denying ownership of a vehicle (*see Taylor v Botnick Motor Corp.,* 146 AD2d 81, 85 [1989]; *Jamison v Walker,* 48 AD2d 320, 324 [1975]). The application of estoppel to dealers arose within the context of cases in which dealers, in order to advance their own financial gains, abused their privilege pertaining to the use of dealers' license plates— violating the controlling statutory directives—and, by such abuse, created situations where unregistered vehicles were being operated upon the highways (*see Switzer v Aldrich,* 307 NY 56 [1954]; *Reese v Reamore,* 292 NY 292 [1944]). Subsequently, when dealers were extended the privilege of issuing temporary registrations (*see* Vehicle and Traffic Law §§ 420, 420-a), those dealers who failed to follow the statutory directives when issuing temporary registrations (with the concomitant result of improperly registered and uninsured vehicles being permitted upon the highways) were similarly estopped from denying responsibility (*see Brown v Harper,* 231 AD2d 483 [1996]; *Allbright v National Grange Mut. Ins. Co.,* 99 AD2d 651 [1984]). In each of these situations, traditional elements of estoppel were implicated since the self-enhancing acts by the dealer, in violation of controlling statutes and inconsistent with public policy, offended notions of justice by adversely affecting the potential remedies of victims of negligently operated motor vehicles (*see Taylor v Botnick Motor Corp., supra; see generally* 57 NY Jur 2d, Estoppel, Ratification, and Waiver § 3).

The relevant statute in the current controversy, Vehicle and Traffic Law § 420-a, permits dealers to issue a temporary registration provided that all necessary paperwork, including proof of financial security and applicable fees, are received prior to issuing the temporary registration. The statute further states that the registration information must be submitted to DMV within five days unless otherwise provided by the Commissioner of Motor Vehicles. The regulations of the Commissioner currently keep five days as the deadline for submitting the documents (*see* 15 NYCRR 78.23 [e]). The legislative history indicates that a concern underlying the five-day deadline was to afford DMV ample time to process and issue a registration before the expiration of the period permitted for a temporary registration (*see* Mem of State Dept of Motor Vehicles, 1983 McKinney's Session Laws of NY, at 2660; *see also* Mem of State Dept of Motor Vehicles, 1988 McKinney's Session Laws of NY, at 1968).

Here, it is undisputed that Competition failed to forward the registration information regarding the vehicle purchased by Rifenburg to DMV within five days of the sale. There is no contention, however, that the temporary registration was initially issued in violation of any controlling statutes or regulations and, significantly, Rifenburg had obtained insurance on the vehicle before being issued the temporary registration. The identification of Rifenburg as the owner of the vehicle was clear from the temporary registration and, indeed, she is identified as such in the police accident report. Unlike the cases that first established the applicability of the estoppel doctrine to dealers, there is no alleged act by Competition in violation of a relevant statute that contributed to Rifenburg being on the highway at the time of the accident. When Rifenburg left Competition with the vehicle, it was duly insured, licensed and temporarily registered. Plaintiff has not alleged any way in which the strong public policy of this state or her individual position in this lawsuit were detrimentally affected by Competition's failure to mail the registration documents within five days. Indeed, the unfortunate accident occurred before such deadline had even expired.[1]

Plaintiff's reliance upon the decision from the Second Department in *Panzella v Major Chevrolet* (209 AD2d 594 [1994]) is unpersuasive. That decision does not discuss whether all the statutory requirements—including proof of financial security—

---

1. Ironically, under the theory urged by plaintiff, it would have been to her benefit at the time of the accident for Competition to violate the five-day deadline.

were in place when the temporary registration was granted and, to the extent that it can be read as creating an ownership by estoppel for every violation of the five-day requirement, we decline to adopt such a rule.[2]

Based upon the facts set forth in the record, Competition's motion for summary judgment should have been granted. Plaintiff's argument on appeal for partial summary judgment against Competition is rendered academic.

Cardona, P.J., Crew III and Spain, JJ., concur.

Peters, J. (dissenting). I respectfully dissent. The majority recognizes that defendant Competition Imports, Inc. was required to forward the paperwork pertaining to defendant Melissa J. Rifenburg's registration and title application to the Department of Motor Vehicles within five days of its issuance of the temporary registration (see Vehicle and Traffic Law § 420-a [4]; 15 NYCRR 78.23 [e] [1]), that a failure to comply with the State's registration requirements has resulted in a finding that the automobile dealer will be estopped from denying ownership and that it is uncontroverted that Competition failed to comply with the foregoing statutory requirement. Nonetheless the majority seeks to create a judicially declared exception to the clear and unambiguous statutory language when insurance coverage is procured by the purchaser prior to the issuance of a temporary registration. In so doing, the majority reviews those cases where an estoppel was found (see e.g. Switzer v Aldrich, 307 NY 56, 61 [1954]; Brown v Harper, 231 AD2d 483, 484 [1996]; Panzella v Major Chevrolet, 209 AD2d 594, 595 [1994]; Jamison v Walker, 48 AD2d 320, 324 [1975]) and concludes that despite the strong public policy concerns that led to the promulgation of the statutory scheme, those cases are dissimilar to the instant action because it cannot be discerned therefrom "whether all the statutory requirements—

---

**2.** Briefly addressing the dissent, nowhere in Vehicle and Traffic Law § 420-a—the statute upon which plaintiff relies—is ownership by estoppel imposed upon dealers for failing to strictly comply with all the terms set forth therein. In fact, the penalty for failing to follow the statute is set forth in the statute itself, and involves a revocation by the Commissioner of the dealer's privilege of issuing temporary registrations (see Vehicle and Traffic Law § 420-a [8]). We are not, therefore, creating a judicial exception to statutory language. It is the concept of a dealer's ownership through estoppel that was judicially birthed and serves as an exception, under appropriate circumstances, to the normal rule that one who has transferred ownership of a vehicle to another is not liable for the purchaser's subsequent acts. Creating automatic and continuing ownership of a vehicle by a dealer for every violation of Vehicle and Traffic Law § 420-a, without any consideration of relevant estoppel principles, is a function for the Legislature, not the courts.

including proof of financial security—were in place when the temporary registration was granted."

I find this distinction to be without merit as New York law requires a dealer to verify that all statutory requirements are met, including insurance coverage, prior to its issuance of a temporary registration (*see* Vehicle and Traffic Law § 312 [1]; § 420-a [4]; 15 NYCRR 78.23 [d] [2]; *Brown v Harper, supra* at 484). Because it is established that strict compliance with the statutory mandates for motor vehicle registration is required in this state (*see e.g. Switzer v Aldrich, supra* at 61; *Reese v Reamore,* 292 NY 292, 296-297 [1944]; *Shuba v Greendonner,* 271 NY 189, 192-193 [1936]), I would find, as did Supreme Court, that Competition is estopped from denying ownership at this juncture due to its failure to comply with the five-day requirement (*see Panzella v Major Chevrolet, supra* at 595; *cf. Zilenziger v White Plains Nissan,* 201 AD2d 479, 480 [1994]).

As I believe that Supreme Court properly denied Competition's motion for summary judgment on the issue of liability (*see* Vehicle and Traffic Law § 388 [1]), as well as plaintiff's motion on the same issue due to Competition's proffer of admissible evidence indicating the existence of a triable issue of fact (*see e.g. Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), I would affirm.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendant Competition Imports, Inc.; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed. [*See* 192 Misc 2d 97.]