■ VALERIA E. SANZ, Respondent, v DISCOUNT AUTO, Appellant, and TONIO RAMSAY, Respondent. [780 NYS2d 763]—

In an action, inter alia, to recover damages for wrongful death, the defendant Discount Auto appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated October 31, 2003, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiff's cross motion for summary judgment on the issue of ownership of the subject vehicle.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with one bill of costs to the defendant Discount Auto payable by the plaintiff-respondent.

On April 5, 2000, the defendant Tonio Ramsay purchased a 1990 Lexus automobile from the defendant Discount Auto (hereinafter the appellant), at its business premises in Pennsylvania. To prove his status as an insured driver, Ramsay produced an insurance card, issued by Government Employees Insurance Company (hereinafter GEICO), showing that Ramsay had coverage for a 1989 Mazda. The appellant thus issued a 30-day temporary registration and paper license plate for the Lexus, and permitted Ramsay to drive the Lexus off the lot. Ramsay did indeed arrange for GEICO to cover the Lexus. Such coverage was in place when, on April 17, 2000, the Lexus, still bearing the temporary Pennsylvania license, struck and killed the plaintiff's decedent.

The Supreme Court erred in granting the plaintiff's cross motion for summary judgment on the issue of the ownership of the Lexus on the theory that the appellant was estopped from denying ownership because it breached its duty to verify that Ramsay possessed insurance to cover that vehicle (*see Brown v Harper*, 231 AD2d 483 [1996]), as the plaintiff improperly raised this argument for the first time in her reply papers (*see Canter v East Nassau Med. Group*, 270 AD2d 381 [2000]; *Pinkston v Weiss*, 238 AD2d 393 [1997]). As a result, the appellant was deprived of a fair opportunity to proffer Ramsay's GEICO policy to prove that it contained a provision covering the Lexus as required by 11 NYCRR 60-1.1 (d) (1) (i), or otherwise to respond

to the plaintiff's argument (*see McCarthy v City of New York,* 5 AD3d 445 [2004]; *Johnston v Continental Broker-Dealer Corp.,* 287 AD2d 546 [2001]). Insofar as this issue may be reviewed on this record, it appears that an issue of fact exists as to whether the appellant satisfied its insurance verification obligations. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.