*817 OPINION OF THE COURT
Charles J. Markey, J.
Defendant Baron Auto City, Inc. moves for an order granting it summary judgment dismissing the complaint as against it. The motion is granted.
Plaintiff commenced this action for personal injuries he allegedly sustained as a result of an automobile accident which occurred on April 16, 2002 (summons and verified complaint, defendant’s exhibit A). The complaint alleges that defendant Baron Auto City, Inc. was the owner of the vehicle that struck the car in which plaintiff was riding. Baron Auto interposed a verified answer (defendant’s exhibit A).
Baron Auto seeks to dismiss the complaint as against it on the ground that it was not the owner of the above vehicle, which had New York license plate number BLV4375, on the date of the alleged accident, April 16, 2002 (affirmation in support of Wayne T. Marshall, Esq., dated Dec. 1, 2004, para Four). Baron Auto’s counsel alleges that Baron Auto sold the vehicle in controversy to defendant Chartarra Gibson on March 28, 2002 (Marshall affirmation para Five). In support of his argument, he submits copies of the retail certificate of sale, retail installment contract and retail sales invoice (defendant’s exhibit B).
In addition, Baron Auto presents copies of the vehicle registration application signed by defendant Gibson and the New York State insurance identification card issued by Allstate Insurance Company to Gibson (defendant’s exhibit C).
Defendants Ian McGriff and Gibson oppose Baron Auto’s requested relief. Their opposition consists solely of the affirmation of their counsel (affirmation in opposition of Brian J. Murray, Esq., dated Jan. 14, 2005). He contends that Baron Auto has not demonstrated that it filed the change in registration of the vehicle in controversy within five days after the issuance of the temporary registration required by Vehicle and Traffic Law § 420-a (4) (Murray affirmation at 1, 2). Therefore, Baron Auto cannot maintain that it did not own the vehicle at the time of the alleged accident (Murray affirmation at 2).
In response to defendants’ opposition, movant provides the court with a copy of a New York State registration document dated March 28, 2002 (reply affirmation, exhibit A). A review of that document discloses that the owner of the vehicle with license plate number BLV4375 is Chartarra Gibson. Baron Auto’s counsel concludes that the registration renders defen *818 dants’ opposition “moot and . . . without merit” (reply affirmation of Wayne T. Marshall, Esq., dated Jan. 25, 2005, para Four).
Vehicle and Traffic Law § 420-a permits an automobile dealer to issue a temporary registration provided that all necessary paper work, including proof of financial security and applicable fees, are received prior to the issuance of the temporary registration. The dealer must then submit the registration information to the Department of Motor Vehicles (DMV) within five days. (15 NYCRR 78.23 [e].)
The Appellate Division, Third Department, recently held that it would not find that an automobile dealer was estopped from denying ownership of a vehicle if it failed to forward the registration information within the five-day period when there was no demonstration that the temporary registration was initially issued in violation of any controlling statute or regulation. (McCabe v Competition Imports, 307 AD2d 576 [3d Dept 2003], lv dismissed 2 NY3d 813 [2004], rearg denied 3 NY3d 702 [2004].)
In that action, the purchaser of the automobile had obtained insurance before the dealer issued the temporary registration to her. The Court found that the identification of her as the owner of the vehicle was clear from the temporary registration. In addition, the purchaser of the vehicle was identified as the owner in the police accident report, and when the vehicle left the dealership it was duly insured, licensed and temporarily registered despite the dealership’s failure to mail the registration documents to DMV within five days. (McCabe, 307 AD2d at 578.)
The Court concluded that the trial court should have granted the dealer’s motion for summary judgment and dismissed the action against it. An older Appellate Division, Second Department, case, Panzella v Major Chevrolet (209 AD2d 594 [1994]), which held that a dealership’s failure to comply with a statutory mandate (there, too, the five-day time period for submitting documents to DMV) estops it from denying ownership of the subject transferred vehicle, was distinguished by the Court in McCabe (307 AD2d at 578-579). Nonetheless, such Second Department decision is binding on this court.
However, this court, after a review of the exhibits submitted by Baron Auto, concludes that Baron Auto has established that it was not the owner of the vehicle on the date of the alleged accident, thus rendering the holding of Panzella inapplicable to this case. McGriff and Gibson’s counsel’s assertion that Baron *819 Auto did not submit the necessary paper work to DMV was not supported by any proof and is in fact contradicted by the copy of a New York State registration document for the subject vehicle submitted by Baron Auto bearing defendant Chartarra Gibson’s name and dated March 28, 2002, well before the expiration of the statutory five-day period for the submission of the necessary paper work to DMV
Accordingly, defendant Baron Auto City, Inc.’s motion for summary judgment is granted in its entirety and the complaint against it is dismissed. The action is severed and continued as against the remaining defendants to the action.