■ ESTATE OF JULIUS ZIMMERMAN, Deceased, Appellant, v MITSUBISHI MOTORS CREDIT OF AMERICA, INC., et al., Defendants, and J.P.T. AUTOMOTIVE, INC., Doing Business as FIVE TOWNS TOYOTA, Respondent. [824 NYS2d 667]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 10, 2005, as granted the motion of the defendant J.P.T. Automotive, Inc., doing business as Five Towns Toyota, for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of its cross motion which was for summary judgment on the issue of liability against the defendant J.P.T. Automotive, Inc., doing business as Five Towns Toyota, and (2) so much of a judgment of same court entered August 3, 2005, as, upon the order, dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant J.P.T. Automotive, Inc., doing business as Five Towns Toyota; as so modified, the judgment is affirmed insofar as appealed from, the motion for summary judgment dismissing the complaint insofar as asserted against the defendant J.P.T Automotive, Inc., doing business as Five Towns Toyota, is denied, the complaint is reinstated against that defendant, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 3, 2000 Julius Zimmerman was injured when he was struck by a vehicle driven by the defendant Terry Sancho, which had been purchased by the defendant David Soto on September 28, 2000 from the defendant J.P.T. Automotive, Inc., doing business as Five Towns Toyota (hereinafter JPT). JPT issued a temporary registration pursuant to Vehicle and Traffic Law § 420-a, yet JPT remained the registered owner of the vehicle at the time of the accident approximately one month after the issuance of the temporary registration (*see* Vehicle and Traffic Law § 420-a).

JPT established its prima facie entitlement to summary judgment by submitting evidence that the defendant Soto had the sole possessory interest in, and exercised dominion and control over, the subject vehicle at the time of the accident (*see Spratt v Sloan*, 280 AD2d 465 [2001]; *Dorizas v Island Insulation Corp.*, 254 AD2d 246, 248 [1998]; *cf. Matter of Vergari v Kraisky*, 120 AD2d 739, 740 [1986]). In opposition thereto, the plaintiff raised triable issues of fact as to whether JPT submitted an application to the Department of Motor Vehicles to complete the permanent registration process within five days of issuing the temporary registration to the defendant Soto, as required by Vehicle and Traffic Law § 420-a (4) (*cf. Koehane v Lakefront Pier Rest.*, 252 AD2d 962 [1998]; *Panzella v Major Chevrolet*, 209 AD2d 594 [1994]). Accordingly, there are triable issues of fact as to whether JPT should be estopped from denying ownership of the subject vehicle, and therefore, JPT's motion for summary judgment should have been denied.

The plaintiff's remaining contention is without merit. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.