◼ VALERIA EMILA SANZ, Appellant, v DISCOUNT AUTO et al., Respondents. [838 NYS2d 613]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 15, 2005, which granted the motion of the defendant Discount Auto for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court (Dowd, J.), dated October 31, 2003, as modified by decision and order of this Court

dated August 9, 2004 (*Sanz v Discount Auto*, 10 AD3d 395 [2004]) and, upon renewal, in effect, granted the motion for summary judgment dismissing the complaint insofar as asserted against that defendant, and (2) an order of the same court (Ruchelsman, J.), dated January 11, 2006, which granted a second motion of the defendant Discount Auto for leave to renew and, upon renewal, in effect, granted the motion for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order dated November 15, 2005 is dismissed, as that order was superseded by the order dated January 11, 2006; and it is further,

Ordered that the order dated January 11, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Discount Auto.

On April 5, 2000 the defendant Tonio Ramsay purchased a 1990 Lexus automobile from the defendant Discount Auto, which was a used car dealership. At the time of the purchase, Ramsay produced his GEICO insurance card, which indicated that he had automobile insurance for a 1989 Mazda automobile, but which did not indicate that the insurance would cover the Lexus. Despite this, Discount Auto issued a temporary registration to Ramsay.

On April 17, 2000 Ramsay, who had called GEICO to "transfer[ ]" his insurance coverage from the Mazda to the Lexus, was driving the Lexus. While driving, he struck and killed Ramon Antonio Sanz (hereinafter the decedent), who was a pedestrian.

The plaintiff, who is the administratrix of the decedent's estate, thereafter commenced this action, inter alia, to recover damages for wrongful death against Discount Auto and Ramsay, alleging, among other things, that the defendants each owned the Lexus, and that the decedent was killed as a result of its negligent operation.

Discount Auto, which asserted that it was not the owner of the Lexus at the time of the accident, moved for summary judgment dismissing the complaint insofar as asserted against it. In response, the plaintiff cross-moved, in essence, for summary judgment declaring that Discount Auto was indeed the owner of the Lexus at the time of the accident. After Discount Auto submitted its papers in opposition to the cross motion, the plaintiff, in her reply papers, argued for the first time that because Discount Auto did not verify that Ramsay had insurance coverage for the Lexus before issuing the temporary

registration, Discount Auto should be estopped from denying ownership of the Lexus at the time of the accident.

In the resultant order, the Supreme Court, which found that Discount Auto had "failed in its obligation to verify" that Ramsay had insurance coverage for the Lexus, determined that Discount Auto could "be found liable under an imputed ownership theory." Thus, the court denied Discount Auto's motion for summary judgment, and granted the plaintiff's cross motion for summary judgment.

Discount Auto appealed. On appeal, this Court observed that the plaintiff had improperly raised her estoppel argument for the first time in her reply papers, and moreover, that Discount Auto "was deprived of a fair opportunity to proffer Ramsay's GEICO policy to prove that it contained a provision covering the Lexus as required by 11 NYCRR 60-1.1 (d) (1) (i)" (*Sanz v Discount Auto*, 10 AD3d 395 [2004]). Accordingly, this Court modified the order appealed from by deleting the provision thereof granting the plaintiff's cross motion for summary judgment (*see Sanz v Discount Auto, supra* at 395).

Subsequently, Discount Auto, which conducted further discovery, obtained Ramsay's GEICO insurance policy, which contained a provision effectively covering the Lexus. Based on the policy, Discount Auto moved for leave to renew its motion for summary judgment.

Before that motion was decided, however, Discount Auto received Ramsay's response to a notice to admit that it had served, in which Ramsay admitted that his GEICO insurance policy "contained a provision covering the [Lexus] as required by 11 NYCRR 60-1.1 (d) (1) (i)." Based on Ramsay's response, Discount Auto made a second motion for leave to renew its motion for summary judgment.

In the first order appealed from, the Supreme Court granted the first motion for leave to renew, and, upon renewal, granted Discount Auto's motion for summary judgment. In the second order appealed from, the court did the same.

Contrary to the plaintiff's contention, the court properly granted Discount Auto leave to renew, and moreover, correctly granted Discount Auto's motions for summary judgment. Indeed, Discount Auto established, inter alia, that since the Supreme Court had denied its motion for summary judgment, it had discovered "new facts" that would change the determination denying that motion (*see* CPLR 2221 [e] [2]). Ramsey's GEICO insurance policy and response to the notice to admit clearly established that the Lexus was insured at all relevant times, and thus, that Discount Auto could not be estopped from

denying ownership of the Lexus at the time of the accident (*see McCabe v Competition Imports*, 307 AD2d 576, 578 [2003]; *cf. Zilenziger v White Plains Nissan*, 201 AD2d 479, 480 [1994]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.