*591 OPINION OF THE COURT
Alan D. Scheinkman, J.
It is ordered that this motion is decided as follows.
This is an action predicated upon injuries allegedly sustained by plaintiff Salvatore Zavaglia as a consequence of a fall in a nursing home. Plaintiffs assert that the fall was caused by defendants’ breach of federal and state regulations and that plaintiff Salvatore Zavaglia sustained a fractured hip, which led to an open reduction and internal fixation of the hip, two subsequent hip replacements, and three hospitalizations.
One day after plaintiffs served and filed their note of issue and certificate of readiness, plaintiffs served a supplemental bill of particulars to update their claim of special damages (CPLR 3043 [b]). In the supplemental bill of particulars, plaintiffs inserted, for the first time, a claim for past and future home care services which have/will be provided by plaintiff Angela Zavaglia, the spouse of the injured party, plaintiff Salvatore Zavaglia. Plaintiffs seek recovery of $259,200 for past home care services for three years as well as future home care services calculated on the basis of $156 per day. At her deposition, plaintiff Angela Zavaglia testified she helps her husband go to the bathroom, change his diaper, take a shower, get dressed, and eat. She testified that the only one of these activities that her husband can undertake on his own is shaving and that her husband is not able to dress himself entirely on his own. In his affirmation on this motion, plaintiffs’ counsel, without citation to any documents or testimony, asserts that plaintiff wife undertakes dressing changes, provision of medications, and physical assistance with all activities of daily living, including ambulation, bathing, dressing, toileting and personal hygiene.
Defendants bring this motion, asserting that plaintiff wife may not, as part of her derivative action, recover for gratuitous care she provides to her husband. Defendants also assert that they should be afforded the opportunity to conduct a further deposition of plaintiff wife, though they do not explain why they need a further deposition. In opposition, plaintiffs argue that the reasonable value of the nursing services rendered to a husband by his wife is recoverable in the derivative claim since the responsibilities undertaken by plaintiff wife as a result of defendants’ alleged negligence involve nursing and home care tasks for which she is obligated to pay or supply to her husband and thus are compensable as a loss entirely separate from the *592 loss of consortium aspect of the action. Further, plaintiffs contend that the plaintiff wife was already deposed regarding the home care services she provides to her husband. According to plaintiffs, defense counsel had every opportunity to ask questions of plaintiff wife and defendants’ failure to use their opportunity to the fullest does not warrant giving them another deposition. In reply, defendants argue that the home health care services claim belongs to plaintiff husband, not to plaintiff wife, and plaintiff wife provides home health care services to her husband of her own free will and did not incur any expenses in doing so.*
Plaintiff husband could properly retain the services of a home health care aide and, if he did so, there would be no question but that he could recover that expense, to the extent necessary and reasonable, from a tortfeasor whose conduct caused his injuries. A spouse has an obligation to support the other spouse (Family Ct Act § 412) and, if as part of that obligation, a spouse retains the services of a home health care aide to help care for his or her injured spouse, that expense, to the extent necessary and reasonable, should be recoverable from a tortfeasor whose conduct caused the injuries (see PJI 2:316). Since either the injured spouse or the non-injured spouse may retain the services of a home health care aide, it should not matter by which spouse, or both, the claim is pursued since the actions will be joined and, therefore, the possibility of a double recovery avoided (Nelson v State of New York, 105 Misc 2d 107 [Ct Cl 1980]; Kreindler, Rodriguez, Beekman and Cook, New York Law of Torts § 21:37 [16 West’s NY Prac Series 2008]).
Here, plaintiff wife did not retain a home health care aide but performed those services herself. While gratuitous care services rendered by friends and relations are not recoverable (Coyne v Campbell, 11 NY2d 372 [1962]; Schultz v Harrison Radiator Div. Gen. Motors Corp., 90 NY2d 311 [1997]), a spouse’s obligation to provide nursing care to an injured spouse more closely correlates with the analogous responsibility of a parent to supply or pay for nursing care his/her child requires. A parent may recover the reasonable value of his or her own services expended *593 in the nursing of the child (Gorman v New York, Chicago & St. Louis R.R. Co., 128 App Div 414 [4th Dept 1908]; see Barnes v Keene, 132 NY 13 [1892]; Merrill v Albany Med. Ctr. Hosp., 126 AD2d 66 [3d Dept 1987], mot to dismiss appeal denied 70 NY2d 669 [1987], appeal dismissed 71 NY2d 990 [1988]; King v State of New York, 56 AD2d 964 [3d Dept 1977]; PJI 2:318.1). In Schultz, the Court of Appeals ruled that a damages award reflecting the value of services gratuitously rendered by friends and relatives did not serve a compensatory function. On the other hand, the Court also held that the jury should have been instructed that future damages for loss of household services should be awarded only for those services which are reasonably certain to be incurred and necessitated by plaintiffs injuries (Schultz, 90 NY2d at 320-321).
It seems clear the award for the value of gratuitously rendered services provided by friends and relatives in Schultz was stricken because plaintiff failed to show that he actually incurred any cost or expense for those services (see Mono v Peter Pan Bus Lines, Inc., 13 F Supp 2d 471, 480 [SD NY 1998]). Furthermore, there is no indication that the relatives in Schultz included a spouse or other person having a legal obligation to provide support. Additionally, there is no indication that the friends and relatives in Schultz were providing services on a regular, consistent basis, as distinguished from intermittently.
Where a spouse, prior to injury, performed certain household services for his or the other spouse, the latter spouse may recover the pecuniary value of the services that the injured spouse formerly performed (Mono v Peter Pan Bus Lines, Inc., supra). By a parity of reasoning, where an injury to a spouse compels the other spouse to perform additional tasks, not previously performed, for the injured spouse, the non-injured spouse may properly recover for the pecuniary value of those additional services. It should not matter whether the non-injured spouse retains a third party to render those services or performs them himself or herself. The fact remains that the non-injured spouse has a legal obligation to support the injured spouse and whether by paying a third party to provide services not required prior to injury or providing those services directly, the non-injured spouse has sustained an actual, compensable loss.
As was noted by the Court of Claims in the only case found to have directly confronted this issue (Cesnavicius v State of New York, Ct Cl, Patti, J., claim No. 78324, UID No. 2002-013-501; see Caher, Court Awards Wife Damages for Care Given to Hus *594 band, NYLJ, Mar. 26, 2002, at 1, col 3), to sustain defendants’ position would penalize those spouses who are unable to payout-of-pocket for such services pending trial and the making of an award. Further, the household services at issue are of an intimate nature — helping the injured spouse to shower, to change a diaper, and to get dressed. If the assisting spouse cannot recover for the direct provision of those services, then he or she would have to leave his/her seriously injured spouse in order to work to provide the funds to pay a third party to provide services that the assisting spouse can provide more appropriately, more completely, and more comfortably to the injured spouse.
To the extent that the non-injured spouse can establish that there are services, which were not required prior to injury, that have actually been incurred or are reasonably certain to be incurred to meet the reasonable requirements of the injured spouse, the non-injured spouse may recover from the person responsible for causing the injury for the reasonable value of those services. Thus, in the view of this court, the compensatory function of a damages award would be appropriately served by reimbursing a spouse for the reasonable value of those additional services necessitated by the injury and caused by the tortfeasor and not required prior to injury that the spouse rendered or will render to an injured spouse.
The court does not agree with defendants’ contention that the claim for household services is subsumed within the spouse’s own loss of consortium claim. A loss of consortium claim represents the marital partner’s interest in the continuance of the marital relationship as it existed at its inception (Buckley v National Frgt., 90 NY2d 210, 213-214 [1997]; Anderson v Eli Lilly & Co., 79 NY2d 797, 798 [1991]). A loss of consortium claim embraces what the non-injured spouse has lost; it covers the loss of support and services provided by the injured spouse as well as such elements as love, companionship, affection, society, sexual relations, and solace (Millington v Southeastern El. Co., 22 NY2d 498, 502-503 [1968]; PJI 2:315). The loss of what a spouse provided prior to injury is a separate and distinct injury from the additional services that now must be provided to the injured spouse as a consequence of the injury.
Accordingly, defendants’ motion to strike plaintiffs’ supplemental bill of particulars is denied.
Likewise, because defendants have not specified why they seek an additional deposition of plaintiff wife, and because *595 defendants have not refuted plaintiffs’ showing that defendants already had a full and fair opportunity to depose plaintiff wife, the branch of defendants’ motion that seeks to vacate the note of issue is denied.

 Defendants also argue that, viewed as a new claim that properly belongs to plaintiff husband, the claim is time-barred. This argument is not considered as it is improper to raise a new argument (the statute of limitations) for the first time in a reply affidavit (Sanz v Discount Auto, 10 AD3d 395 [2d Dept 2004]). Since the court is not giving consideration to the new argument raised by defendants, it also rejects the surreply submitted by plaintiffs’ counsel.