■ RAYSEAN D. FULLER et al., Appellants, v JESSICA N. NESBITT, Appellant, and CASEY AUTO GROUP, INC., et al., Respondents.
[983 NYS2d 896]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated June 19, 2012, as, in effect, upon renewal, vacated the determination in an order of the same court dated October 4, 2011, denying that branch of the motion of the defendants Casey Auto Group, Inc., and Casey Import, Inc., which was for summary judgment dismissing the complaint insofar as asserted against those defendants and thereupon granted that branch of their motion, and the defendant Jessica N. Nesbitt separately appeals, as limited by her brief, from so much of the same order dated June 19, 2012, as, in effect, upon renewal, vacated the determination in the order dated October 4, 2011, denying that branch of the motion of the defendants Casey Auto Group, Inc., and Casey Import, Inc., which was for summary judgment dismissing the cross claim that she asserted against those defendants, and thereupon granted that branch of their motion.

Ordered that the order dated June 19, 2012, is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiffs alleged, inter alia, that Casey Auto Group, Inc., and Casey Imports, Inc. (hereinafter together the Casey defendants), were the owners of a vehicle that was involved in an accident on September 13, 2010. At the time of the accident, the vehicle was operated by the defendant Jessica N. Nesbitt. The plaintiffs Raysean Fuller and Rashad Fuller were passengers in the vehicle.

The Casey defendants moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, asserting that they were out-of-state corporations that did not transact or conduct business within New York State. They further asserted that they did not own the subject vehicle on the day of the accident and that, therefore, personal jurisdiction was not acquired over them by virtue of service of process purportedly effected upon them pursuant to Vehicle and Traffic Law § 253. In an order dated October 4, 2011, the Supreme Court denied their motion, concluding that the affidavit in support of the motion, which was signed and notarized in Virginia, was submitted without a certificate of conformity, in violation of CPLR 2309.

In December 2011, the Casey defendants, in effect, sought to renew their summary judgment motion, this time including a certificate of conformity with the affidavit submitted in support of the motion. The Supreme Court, in effect, upon renewal, vacated the determination in the prior order, and thereupon granted those branches of the Casey defendants' motion which were for summary judgment, noting that it had denied the prior motion of the Casey defendants based upon a defect, which had since been corrected.

The absence of a certificate of conformity in violation of CPLR 2309 is not a fatal defect (*see Fredette v Town of Southampton*, 95 AD3d 940, 942 [2012]; *Smith v Allstate Ins. Co.*, 38 AD3d 522 [2007]) and, in the event that relief is denied on that ground, the denial should, as here, generally be without prejudice to renewal upon proper papers (*see Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]). Even if the Casey defendants' second motion were deemed to be a successive motion for summary judgment, such a motion may be properly entertained where, as here, it is substantively valid, and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts, despite the general rule that successive motions for summary judgment should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause (*see Valley Natl. Bank v INI Holding, LLC*, 95 AD3d 1108 [2012]; *Landmark Capital Invs., Inc. v Li-Shan Wang*, 94 AD3d 418 [2012]).

In connection with the Casey defendants' second motion, they established, prima facie, that they did not own the vehicle on the day of the accident (*see Zilenziger v White Plains Nissan*, 201 AD2d 479 [1994]; *see also Sanz v Discount Auto*, 41 AD3d 685 [2007]). In opposition, plaintiffs failed to raise a triable issue of fact (*cf. Brown v Harper*, 231 AD2d 483 [1996]; *Panzella v Major Chevrolet*, 209 AD2d 594 [1994]).

The plaintiffs' remaining contention is without merit.

Accordingly, in effect, upon renewal, summary judgment was properly awarded to the Casey defendants. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.