Gonzalez v Zaki's Auto Sales Corp. (2020 NY Slip Op 02644)





Gonzalez v Zaki's Auto Sales Corp.


2020 NY Slip Op 02644


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2019-06933
 (Index No. 508155/15)

[*1]Norma Gonzalez, plaintiff-respondent, 
v
Zaki's Auto Sales Corp., appellant, Benjamin Marcial, defendant-respondent.


Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Otto Cheng of counsel), for appellant.
Robert A. Cardali & Associates, LLP, New York, NY (Jorge Roman and Mischel & Horn, P.C. [Christen Giannaros], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Zaki's Auto Sales Corp. appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 24, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Zaki's Auto Sales Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.
On November 5, 2014, a blue Hyundai traveled through a red light at an intersection in Brooklyn and struck the plaintiff as she was crossing the street. The blue Hyundai fled the scene, but the vehicle was later identified by its license plate number. The plaintiff commenced this action to recover damages for her personal injuries, alleging that the defendant Benjamin Marcial was the driver of the vehicle at the time of the accident, and the defendant Zaki's Auto Sales Corp. (hereinafter Zaki's) was the owner of the vehicle.
Zaki's moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was not the owner of the vehicle at the time of the subject accident. Zaki's submitted evidence that it was a dealer of used automobiles, and that on October 31, 2014, it sold the subject vehicle to Marcial and issued to him a temporary registration pursuant to Vehicle and Traffic Law § 420-a. Zaki's evidence established that Marcial paid the purchase price of $6,000 on the date of sale, the vehicle passed a New York State vehicle inspection on that date, Country-Wide Insurance Company issued a policy insuring the vehicle for the period from October 31, 2014, to October 31, 2015, naming Marcial as the insured, and both the agreement of sale and retail certificate of sale were signed by Zaki's and Marcial on October 31, 2014. The manager of Zaki's testified at his deposition that he prepared the permanent vehicle registration application for the New York State Department of Motor Vehicles (hereinafter DMV), which was signed by Marcial, and that on the Monday following the Friday sale, Zaki's courier service picked up the registration paperwork to transport to the DMV. The manager further testified that the courier [*2]returned the next day and informed Zaki's of an error on the mileage on the title. Zaki's then requested a duplicate title, which it received within 7 to 10 days, and then, on November 14, 2014, Zaki's submitted the corrected documents to the DMV.
In opposition to Zaki's motion, the plaintiff argued that Zaki's should be estopped from denying ownership of the subject vehicle because it failed to submit the application for permanent registration within five days of the issuance of the temporary registration, as required by Vehicle and Traffic Law § 420-a. In the order appealed from, the Supreme Court denied Zaki's motion. We reverse.
In New York, the owner of a vehicle is "liable and responsible for death or injuries to person . . . resulting from negligence in the use or operation of such vehicle" (Vehicle and Traffic Law § 388). Here, in support of its motion for summary judgment, Zaki's established, prima facie, that it was not the owner of the subject vehicle on the date of the accident, as it had sold the vehicle to Marcial five days earlier (see Vehicle and Traffic Law § 128 [defining "owner"]; Estate of Zimmerman v Mitsubishi Motors Credit of Am., Inc., 34 AD3d 628, 629; Dallura v Rubicco, 5 AD3d 346, 347; Spratt v Sloan, 280 AD2d 465, 466; see also Bornhurst v Massachusetts Bonding & Ins. Co., 21 NY2d 581, 583-584).
Vehicle and Traffic Law § 420-a authorizes qualified automobile dealers to issue a temporary vehicle registration to a person to whom the dealer has sold or transferred a vehicle (see Vehicle and Traffic Law § 420-a[1], [3]). The temporary registration is valid for a period of 30 days after the date of issuance (see Vehicle and Traffic Law § 420-a[1]). Before issuing the temporary registration, the dealer must comply with certain statutory requirements, and, upon issuing the temporary registration, the dealer must send the permanent vehicle registration application to the commissioner of the DMV within five calendar days (see Vehicle and Traffic Law § 420-a[4]). A dealer who fails to comply with the statutory requirements regarding vehicle registration procedures may be estopped from denying ownership of the vehicle and be held liable as if it were, in fact, the owner of the vehicle (see Brown v Harper, 231 AD2d 483, 484; Panzella v Major Chevrolet, 209 AD2d 594, 595).
Contrary to the plaintiff's contention, there are no triable issues of fact concerning the application of estoppel to Zaki's in this case. It is not disputed that Zaki's complied with all of the statutory requirements before issuing the temporary registration, and that Marcial had obtained insurance on the vehicle before being issued the temporary registration and taking the vehicle into his possession on October 31, 2014. Further, Zaki's evidence established that Zaki's was diligent in its efforts to comply with the statutory requirements concerning the permanent registration, and that its failure to do so within the statutory five days was because of an error in the title that required correction, and not any negligence by Zaki's in its statutory obligations (see McCabe v Competition Imports, 307 AD2d 576, 577-578; Zilenziger v White Plains Nissan, 201 AD2d 479, 480; see also Sanz v Discount Auto, 41 AD3d 685, 687-688). In addition, there is no evidence that Zaki's engaged in any act whereby it held itself out as the owner of the vehicle on the date of the accident or that it gained any financial advantage by failing to submit the permanent registration application within the five days following the issuance of the temporary registration (see McCabe v Competition Imports, 307 AD2d at 578; Zilenziger v White Plains Nissan, 201 AD2d at 480; cf. Switzer v Aldrich, 307 NY 56; Reese v Reamore, 292 NY 292).
Accordingly, the Supreme Court should have granted Zaki's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court