639 A.2d 1185

**Rudolph PIZZONIA and Maryann Pizzonia, H/W, Appellants,**

**v.**

**COLONIAL MOTORS, INC., Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1993.

Filed Feb. 24, 1994.

Reargument Denied April 25, 1994.

10

Lenard A. Cohen, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellants were injured when their car collided with one driven by an unlicensed, uninsured operator. Appellee, Colonial Motors, Inc., which is in the business of selling motor vehicles and authorized to issue license plates, sold the vehicle to the unlicensed, uninsured driver the previous day. At the time of the sale, Appellee did not confirm the existence of liability insurance.

Appellants contended that Appellee violated 75 Pa.C.S.A. § 1318, which requires that agents authorized to issue vehicle registration verify financial responsibility, and 75 Pa.C.S.A. § 1574, which prohibits vehicle owners from allowing an unlicensed driver to operate their vehicles. The trial court sustained Appellee's demurrer and dismissed the complaint. The issue here is whether Appellants have stated a cause of action against Appellee.

We agree with the trial court that prior case law holds the failure to confirm the existence of insurance by an agent authorized to issue auto registration does not state a cause of action in negligence against the agent for injuries arising from an auto accident involving the uninsured vehicle or driver. However, we disagree with the proposition that the failure to properly confirm insurance coverage allows Appellee to escape all responsibility.

We determined in *Lieberman v. Abat's Auto Tag Service,* 344 Pa.Super. 350, 496 A.2d 831, 832 (1985) that the "injury" was "not the physical harm from the accident but the inability to recover medical expenses under the No-fault Act." In *Lieberman,* the Tag Service had issued a registration and license plate to Mr. Brown without proof of insurance coverage. Brown struck and injured Lieberman. Lieberman, in his suit, alleged that his injuries were a direct result of the negligence of Abat's Tag Service. This court held that the tag service could not be held responsible under a negligence theory for the injuries, but could be held liable for plaintiff's inability to recover insurance benefits as a result of the issuing agent's breach of its statutory duty. *Id.,* 496 A.2d at 832–33.

We affirmed the dismissal of Lieberman's action because of his failure to claim that he was "unable to recover through recourse to the No-fault Act." *Id.* Judge Spaeth, in his concurring opinion in *Lieberman* explained that the person who is injured by an uninsured motorist, who was negligently issued temporary cards and plates, has suffered no damage from the failure to confirm coverage because the legislature had provided an alternative means through the Assigned Claims Plan by which the uninsured victim of an uninsured

motorist had access to basic loss benefits. This rationale was followed in *Capuzzi v. Heller*, 418 Pa.Super. 550, 614 A.2d 775 (1992). In *Capuzzi*, the appellant alleged he was entitled to recover damages from VAT which provided temporary vehicle registration to an uninsured driver in violation of Pennsylvania regulations. We held that an issuer's liability did not extend beyond the responsibility to ensure that the injured party had a source available to compensate for basic loss benefits under the No–Fault Act. We refused to impose a further duty on issuing agents "to pick up where first party benefits leave off, and become in effect a provider of liability insurance." *Id.*, 614 A.2d at 778. We held "that the duty owed by an issuer of a temporary registration to one who has been injured by the issuer's neglect is limited to the extent that the injured party is unable to recover first party benefits as provided in the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 *et seq.*"

The duties of agents are described in 75 Pa.C.S.C.A. § 1318. It provides:

(a) Verification of financial responsibility.—An agent of the Department of Transportation who is authorized to issue on behalf of the department a vehicle registration renewal or temporary registration shall be required to verify financial responsibility prior to issuance.

(b) Proof.—Proof of financial responsibility shall be verified by examining one of the following documents:

(1) an identification card as required by regulations promulgated by the Insurance Department.

(2) The declaration page of an insurance policy.

(3) A certificate of financial responsibility.

(4) a valid binder of insurance issued by an insurance company licensed to sell motor vehicle liability insurance in Pennsylvania.

Having been authorized by the Commonwealth to issue title registrations for profit, an issuing agent may not ignore the mandates of § 1318 which requires that it verify financial responsibility at the time it issues registration. An agent

must exercise reasonable effort to determine financial responsibility. When an issuing agent has done what is required by statute, an injured party is not prevented from recovering at least the minimum amount of insurance that is required by law. If the issuing agent neglects to verify financial responsibility, a person in Appellants' position may suffer unreimbursed loss as the result of the uninsured driver's negligence.

In the instant case, Appellee, Colonial Motors merely obtained an "insurance disclaimer" from the uninsured driver in direct violation of 75 Pa.C.S.A. § 1318. In the event it is determined that the uninsured driver is responsible for Appellants' damages, and the injuries remain unpaid due to the Appellee's failure to verify the driver's financial responsibility, Appellee is accountable for the unreimbursed damages that would have been paid by an insurer had there been in effect a policy of insurance with the minimum required coverage. Also, to the extent that the Appellants may be reimbursed under their own policy's uninsured provisions, their carrier shall have a right of subrogation against the issuer for the minimum required limits. Appellants' cause of action would not accrue until the liability of the other driver is determined and the loss of insurance reimbursement is established.

We also agree with the trial court's determination that there was no violation of 75 Pa.C.S.A. § 1574. Nothing in the statute prohibits an unlicensed person from owning an automobile. Since the sale to an unlicensed driver is not a violation, no cause of action exists.

Order affirmed.