J-A05005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARRY STEIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| KENNY ROSS TOYOTA, INC. | : | |
| | : | |
| Appellee | : | No. 1085 WDA 2016 |

Appeal from the Order Entered June 27, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 15 006504

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED AUGUST 09, 2017**

Appellant, Barry Stein, appeals from the order entered in the Allegheny County Court of Common Pleas, which granted summary judgment in favor of Appellee, Kenny Ross Toyota, Inc. We affirm.

The relevant facts and procedural history of this case are as follows. On December 1, 2010, Appellant purchased a used 2008 Toyota Camry from Appellee for $19,909.00. During the sales transaction, Appellant provided his car insurance card to a representative of Appellee. The insurance information taken from the insurance card appears in the sales agreement for the vehicle, along with an integration clause which states:

> Purchaser agrees that this Order includes all of the terms and conditions appearing on the face and reverse sides hereof, that this Order cancels and supersedes any prior oral or written agreement or representation and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the

subject matters covered hereby.

(**See** Sales Agreement, attached as Exhibit B to Appellee's Motion for Summary Judgment; R.R. at 104a). On January 23, 2011, Appellant had a car accident in the 2008 Toyota Camry, which resulted in injuries to James Hohman. When Appellant called his insurer, Mutual Benefit Insurance Company, to report the accident, an insurance agent informed Appellant the 2008 Toyota Camry was not a covered vehicle under his insurance policy. As a result, Mr. Hohman's insurance company, Erie Insurance, paid Mr. Hohman $50,000.00 on an uninsured motorist claim and sued Appellant. Appellant subsequently settled the lawsuit with Erie Insurance for $22,500.00.

On April 15, 2015, Appellant initiated a cause of action against Appellee by writ of summons. Appellant filed a complaint on June 5, 2015, which raised the following claims: (1) negligence; (2) negligent misrepresentation; (3) breach of contract; and (4) violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). All of Appellant's claims stemmed from Appellee's alleged promise to add the 2008 Toyota Camry to Appellant's existing insurance policy. On July 21, 2015, Appellee filed preliminary objections, which resulted in the dismissal of Appellant's UTPCPL claim on August 27, 2015. Appellee filed an answer and new matter to Appellant's complaint on September 30, 2015. On October 16, 2015, Appellant filed a reply to Appellee's new matter.

Appellee filed a motion for summary judgment on February 18, 2016. Appellee's motion claimed the court should grant summary judgment in favor of Appellee because: (1) the integrated sales agreement did not contain a promise that Appellee would add the 2008 Toyota Camry to Appellant's existing insurance policy; (2) Appellee owed Appellant no legal duty to add the new vehicle to Appellant's existing insurance policy; and (3) the parol evidence rule barred the introduction of an alleged statement by Appellee's sales manager that he would add the 2008 Toyota Camry to Appellant's existing insurance policy. Appellant filed a response and a supplemental response in opposition to Appellee's motion for summary judgment on June 2, 2016 and June 8, 2016, respectively. Appellee filed a reply in support of its motion for summary judgment on June 9, 2016. On June 27, 2016, the court granted Appellee's motion for summary judgment and dismissed Appellant's remaining claims. Appellant timely filed a notice of appeal on July 26, 2016. On August 4, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 1, 2016.

Appellant raises the following issues for our review:

> WHETHER [APPELLANT'S] EVIDENCE IN SUPPORT OF HIS BREACH OF CONTRACT, NEGLIGENCE AND NEGLIGENT MISREPRESENTATION CLAIMS SURROUNDING HIS PURCHASE OF A VEHICLE FROM [APPELLEE] AND THE REPRESENTATIONS MADE BY [APPELLEE] RELATED TO [APPELLEE] CONTACTING [APPELLANT'S] INSURER WAS SUFFICIENT TO CREATE A GENUINE ISSUE OF MATERIAL FACT SUCH THAT [APPELLEE'S] MOTION FOR SUMMARY

JUDGMENT SHOULD HAVE BEEN DENIED?

WHETHER [APPELLANT] IS PRECLUDED FROM INTRODUCING EVIDENCE IN SUPPORT OF HIS CLAIMS BECAUSE OF THE PAROL EVIDENCE RULE AND THE PURPORTED MERGER CLAUSE CONTAINED IN THE CONTRACT BETWEEN [APPELLANT] AND [APPELLEE]?

(Appellant's Brief at 2-3).

For purposes of disposition, we combine Appellant's issues. Appellant argues the court overlooked certain evidence when it granted Appellee's motion for summary judgment. Appellant specifically claims his deposition testimony, the deposition testimony of Appellee's sales manager and salesperson, the completed insurance section on the sales agreement, and information contained in title form, all support Appellant's tort and contract claims. Appellant submits his evidence establishes Appellee's promise to ensure the addition of the 2008 Toyota Camry to Appellant's existing insurance policy. Appellant also argues the integration clause contained in the sales agreement does not bar the introduction of parol evidence to support his claims. Appellant maintains the sales agreement does not include a section related to the duty to obtain insurance for the vehicle, so the parol evidence rule is inapplicable. Appellant avers the existing policy information section of the sales agreement creates an ambiguity, which also allows the introduction of parol evidence. Appellant concludes the court erred when it granted Appellee's motion for summary judgment because the integration clause of the sales agreement precluded parol evidence, and this

Court should reverse and remand for trial. We disagree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. **Mee v. Safeco Ins. Co. of Am.**, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. **Pappas v. Asbel**, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the

completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

To succeed on a case alleging negligence, a plaintiff must prove the following four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the actor's breach of the duty and the resulting injury; and (4) actual loss or damage suffered by the plaintiff. ***Wilson v. PECO Energy Company***, 61 A.3d 229, 232 (Pa.Super. 2012). "The elements of a common law claim for negligent misrepresentation are: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the

misrepresentation." ***Gongloff Contracting, L.L.C. v. L. Robert Kimball &***
***Associates, Architects and Engineers, Inc.***, 119 A.3d 1070, 1076
(Pa.Super. 2015). "Negligent misrepresentation differs from intentional misrepresentation in that the misrepresentation must concern a material fact and the speaker need not know his or her words are untrue, but must have failed to make a reasonable investigation of the truth of these words." ***Id.*** "To support a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damage." ***Pittsburgh***
***Construction Company v. Griffith***, 834 A.2d 572, 580 (Pa.Super. 2003), *appeal denied*, 578 Pa. 701, 852 A.2d 313 (2004).

Significantly:

> A plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor. A jury is not permitted to find that it was a defendant's [actions] that caused the plaintiff's injury based solely upon speculation and conjecture; there must be evidence upon which logically its conclusion must be based. In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation. Additionally, a party is not entitled to an inference of fact that amounts merely to a guess or conjecture.

***Krishack v. Milton Hershey School***, 145 A.3d 762, 766 (Pa.Super. 2016)
(internal citation omitted). Additionally, neither the moving party nor the non-moving party can rely on its own witness' testimony via affidavits or deposition, either to prevail or defeat summary judgment. ***DeArmitt v.***

***New York Life Ins. Co.***, 73 A.3d 578 (Pa.Super 2013) (citing generally ***Borough of Nanty-Glo v. American Surety Co. of New York***, 309 Pa. 236, 163 A. 523 (1932)). Further, "a motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." ***Bezjak v. Diamond***, 135 A.3d 623, 631 (Pa.Super. 2016), *appeal denied*, 145 A.3d 722 (2016).

The Pennsylvania Supreme Court has described the parol evidence rule as follows:

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract…and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.
>
> Therefore, for the parol evidence rule to apply, there must be a writing that represents the entire contract between the parties. To determine whether or not a writing is the parties' entire contract, the writing must be looked at and if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties…. An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution.
>
> Once a writing is determined to be the parties' entire

- 8 -

contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract. One exception to this general rule is that parol evidence may be introduced to vary a writing meant to be the parties' entire contract where a party avers that a term was omitted from the contract because of fraud, accident, or mistake. In addition, where a term in the parties' contract is ambiguous, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances.

*Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 497-98, 854 A.2d 425, 436-37 (2004) (internal citations and quotation marks omitted).

Section 1318 of the Pennsylvania Motor Vehicle Code describes a dealership's duty to verify financial responsibility prior to the issuance of temporary registration on a newly purchased vehicle:

**§ 1318. Duties of agents**

**(a) Verification of financial responsibility.**—An agent of the Department of Transportation who is authorized to issue on behalf of the department a vehicle registration renewal or temporary registration shall be required to verify financial responsibility prior to issuance.

**(b) Proof.**—Proof of financial responsibility shall be verified by examining one of the following documents:

(1) An identification card as required by regulations promulgated by the Insurance Department.

(2) The declaration page of an insurance policy.

(3) A certificate of financial responsibility.

(4) A valid binder of insurance by an insurance company licensed to sell motor vehicle liability

insurance in Pennsylvania.

> (5) A legible photocopy, facsimile or printout of an electronic transmission of a document listed in paragraphs (1) through (4), provided the agent receives the photocopy, facsimile or printout directly from a licensed insurance company or licensed insurance agency.  …

75 Pa.C.S.A. § 1318(a) and (b).  A dealership may not ignore the mandates of Section 1318.  ***Pizzonia v. Colonial Motors, Inc.***, 639 A.2d 1185, 1187 (Pa.Super. 1994), *appeal denied*, 540 Pa. 602, 655 A.2d 990 (1995).  In fact, "an agent must exercise reasonable effort to determine financial responsibility."  ***Id.***  A dealership shall determine the applicant has the appropriate financial responsibility for a newly purchased vehicle by examining one of the applicant's relevant insurance documents for a vehicle traded in for the newly purchased vehicle or another vehicle owned by the applicant.  67 Pa.Code § 43.5(d).  Significantly, "[t]he requirement to check one of [these] documents does not require the agent to verify the information submitted unless the agent has reason to believe the documents are fraudulent."  67 Pa.Code § 43.5(d)(2)(i)(B).  The Department of Transportation requires **the applicant for motor vehicle registration** to certify that he or she is financially responsible at the time of registration.  75 Pa.C.S.A. § 1786(b).  Failure to comply with requirement will result in the suspension of the applicant's vehicle registration and operating privilege.  75 Pa.C.S.A. § 1786(d).

Instantly, on December 1, 2010, Appellant purchased a used 2008

Toyota Camry from Appellee pursuant to a sales agreement, which contains an integration clause. The integration clause states:

> Purchaser agrees that this Order includes all of the terms and conditions appearing on the face and reverse sides hereof, that this Order cancels and supersedes any prior oral or written agreement or representation and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby.

(*See* Sales Agreement, attached as Exhibit B to Appellee's Motion for Summary Judgment; R.R. at 104a). Given this language, the sales agreement encompassed the complete agreement between the parties and superseded any prior discussions or agreements. *See Yucca, supra*. Significantly, the sales agreement contained no promise by Appellee to add the 2008 Toyota Camry to Appellant's existing insurance policy with Mutual Benefit Insurance Company. Instead, the sales agreement merely contained an insurance section, which listed Appellant's existing insurance policy with Mutual Benefit Insurance Company. Because the insurance section did not include any language to suggest Appellee's assumption of Appellant's duty to obtain insurance for the 2008 Toyota Camry, there was no ambiguity to allow introduction of parol evidence to support Appellant's claim. *See id.* Thus, Appellant could not rely on parol evidence in the form of the deposition testimony of Appellee's sales manager or salesperson, the email sent by Appellant's insurance agent, or the information contained in the title form to avoid summary judgment. *See id.*

- 11 -

Further, even if Appellant could support his claims through the introduction of parol evidence, the deposition testimony and the email sent by Appellant's insurance agent do not raise a genuine issue of material fact. Specifically, Appellant mischaracterizes the deposition testimony of Appellee's sales manager and salesperson when Appellant claims the testimony admits a promise by Appellee to add the 2008 Toyota Camry to Appellant's existing insurance policy. In their respective depositions, both the sales manager and the salesperson unequivocally denied any promise to Appellant to add the 2008 Toyota Camry to Appellant's existing insurance policy. In fact, both agents indicated they could not have added the 2008 Toyota Camry to Appellant's existing insurance policy without Appellant's active participation. Additionally, both the sales manager and salesperson explained the insurance section was in the agreement to verify that Appellant had an existing insurance policy. According to both the sales manager and salesperson, this information was the only insurance information necessary to complete the sales transaction. Likewise, Appellant cannot rely on the email from his insurance agent because Appellant fails to explain the email's context or identify the email's recipient. Further, the email contains inadmissible hearsay made by an unidentified agent of Appellee. **See Bezjak, supra**. As such, the email is nothing more than self-serving evidence, which fails to preclude summary judgment. **See DeArmitt, supra**.

- 12 -

Moreover, to the extent Appellant points to the language in title document stating Appellee verified the 2008 Toyota Camry was insured, this information offers no support for Appellant's claims. Appellee's only duty was to ensure that Appellant had an existing insurance policy. *See* 75 Pa.C.S.A. § 1318(a). Appellee properly verified the existence of Appellant's insurance policy by examining Appellant's insurance documents for another vehicle owned by Appellant. *See* 67 Pa.Code § 43.5(d). Appellee had no obligation to contact Appellant's insurer to verify the accuracy of the insurance information contained in the insurance documents Appellant provided, absent reason to believe the documents themselves were fraudulent. *See* 67 Pa.Code § 43.5(d)(2)(i)(B). Significantly, as the applicant for a temporary registration card, Appellant was solely responsible to certify his financial responsibility at the time of registration. *See* 75 Pa.C.S.A. § 1786(b). Under these circumstances, the language contained in the title form serves only to demonstrate Appellee's fulfillment of its obligations to examine the insurance documents for the vehicle traded in or another vehicle owned by Appellant, to verify Appellant's financial responsibility. *See* 67 Pa.Code § 43.5(d). The title form did not and could not establish any promise by Appellee to add the 2008 Toyota Camry to Appellant's existing insurance policy. Further, as the insurance contract was between Appellant as the insured and Mutual Benefit Insurance Company as the insurer, Appellee could not have added the 2008 Toyota Camry to

Appellant's insurance policy without Appellant's active participation in the process. Because none of Appellant's evidence supports his contention that Appellee "promised" to add the 2008 Toyota Camry to Appellant's existing insurance policy, no genuine issue of material fact exists for any of Appellant's claims.[1] Therefore, the court properly granted Appellee's motion for summary judgment.[2] Accordingly, we affirm.

Order affirmed.

_____

[1] The record demonstrates that Appellant's existing insurance coverage expired on December 16, 2010, just over two weeks **after** Appellant purchased the 2008 Toyota Camry. Appellant had the opportunity at that time to confirm with Mutual Benefit Insurance Company that his insurance policy covered the 2008 Toyota Camry. Nevertheless, Appellant failed to confirm coverage of the 2008 Toyota Camry when he renewed his insurance policy.

[2] The record makes clear Appellant, at the latest, knew or should have known by January 24, 2011, that the 2008 Toyota Camry was not covered on his insurance policy, when he contacted Mutual Benefit Insurance Company after the car accident. Appellant, however, did not institute the current action until over four years later when he filed a writ of summons on April 15, 2015. Significantly, by April 15, 2015, the applicable statute of limitations for all of his tort and contract claims had expired. *See* 42 Pa.C.S.A. § 5524(2) (explaining negligence action is governed by two-year statute of limitations); 42 Pa.C.S.A. § 5524(7) (explaining negligent misrepresentation claim is tort claim governed by two-year statute of limitations); 42 Pa.C.S.A. § 5525 (explaining statute of limitations for breach of contract claim is four years). Thus, Appellant's claims were arguably barred by the relevant statutes of limitations. *__The Brickman Group, Ltd. v. CGU Insurance Company__*, 865 A.2d 918, 928 (Pa.Super. 2004) (noting this Court may affirm summary judgment on any basis).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/9/2017</u>